### THE ALEXANDER M. LAWRENCE.

(District Court, S. D. Alabama. March 3, 1900.)

No. 874.

SEAMEN—SUIT FOR WAGES—CREDIT FOR PROHIBITED PAYMENTS.
The statute of the United States relating to the merchant marine having prohibited, under penalty, the payment of seamen's wages in advance (30 Stat. 763), and also provided, under penalty, that seamen discharged shall be so discharged and paid off in the presence of an authorized shipping commissioner, and that no payment, receipt, settlement, or discharge otherwise made shall operate as evidence of the release or satisfaction of any claim (Rev. St. §§ 4529, 4552), a payment made to a seaman of wages not then earned, or one made on the termination of a voyage, but not in the presence of a commissioner, cannot be shown in defense to a libel by the seaman to recover wages shown to have been earned.

In Admiralty. Suit by seaman to recover wages.

W. D. McKinstry, for libelant.
Pillans, Hanaw & Pillans, for claimant.

TOULMIN, District Judge. The statutes of the United States forbid the payment of a seaman's wages in advance, and provide that in no case, except as therein provided, shall such payment absolve the vessel, or the master or owner thereof, from full payment of wages after the same shall have been actually earned, and shall be no defense to a libel for the recovery of such wages. 30 Stat. 763. The statutes also provide that all seamen discharged from merchant vessels, etc., shall be discharged and receive their wages in the presence of a duly-authorized shipping commissioner, except where some court otherwise directs; and any master or owner of any such vessel, who discharges any such seamen belonging thereto, or pays their wages within the United States in any other manner, shall be

liable to a penalty of not more than $50 (Rev. St. § 4549); and further provides that, in all cases in which discharge and settlement before a shipping commissioner are required, no payment, receipt, settlement, or discharge, otherwise made, shall operate as evidence of the release or satisfaction of any claim (Id. § 4552). It is an elementary principle of law that one who has himself participated in a violation of the law cannot be permitted to assert in a court of justice any right founded upon or growing out of the illegal transaction. Manufacturing Co. v. Brucker, 111 U. S. 597, 4 Sup. Ct. 572, 28 L. Ed. 534; Swann v. Swann (C. C.) 21 Fed. 306. The authorities, both state and federal, hold that no rights can spring from or be rested upon an act in the performance of which a criminal penalty is incurred. The penalty implies a prohibition, and the act relating to it is void,—as absolutely void as if the law had declared that it should be so. Authorities supra; Moog v. Hannon's Adm'r, 93 Ala. 503, 9 South. 596; Youngblood v. Savings Co., 95 Ala. 526, 12 South. 579. Hence I am bound to hold that the advance of $10 made by the master to the libelant on his wages not then earned can be no defense to this libel for the recovery of wages, the proof showing that wages were earned; and, in view of the fact that the payment of the $12.36 to the libelant at Mobile on the termination of the voyage was in violation of section 4549, Rev. St., and of the law as declared in the authorities cited, however unjust it may appear, or however harsh such ruling might sometimes be, I am constrained to hold that the claimant cannot be permitted to assert his right to have such payment deducted from or charged against any wages actually earned by the libelant. The claimant can rest no right upon the act of payment, it being done subject to a penalty. Furthermore, the statute expressly says that no such payment shall operate as evidence of the release or satisfaction of the libelant's claim. If the payment cannot operate as evidence, is it admissible as evidence? My opinion is that the libelant is entitled to no wages from the time he was imprisoned down to the time he reshipped on the voyage to Mobile, as I find he was himself the cause of the imprisonment. A decree will be entered for the libelant for $22.36, with a division of the costs.