## CHICAGO PORTRAIT CO. v. MAYOR, ETC., OF CITY OF MACON.

(Circuit Court, S. D. Georgia, W. D.   April 8, 1899.)

1. COMMERCE—INTERSTATE—TAXATION BY STATE.

A corporation of one state there engaged in the manufacture of portraits and frames therefor has the right to send agents into another state to solicit orders for its work, and other agents to deliver the portraits made upon such orders and collect therefor, and, the entire transaction being one exclusively of interstate commerce, neither the state nor a municipality has power to impose license taxes upon either class of such agents.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Commerce, §§ 103–111.

Taxation of interstate commerce by state, see note to Board of Assessors of Parish of Orleans v. Pullman's Palace Car Co., 8 C. C. A. 492.]

2. HAWKERS AND PEDDLERS—LICENSES—PERSONS SUBJECT TO TAX.

An agent of a corporation of another state engaged in making portraits by photographic enlargement, who delivers such portraits to customers who have previously ordered the same made, and collects therefor, is not a "peddler or hawker," within the meaning of an ordinance imposing a license tax on persons engaged in such occupations, merely because, as incidental to such delivery, he sells the customer a frame for the portrait, if desired.

[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Hawkers and Peddlers, §§ 3–6.]

In Equity.   Suit for injunction.

Claud Estes and Malcolm D. Jones, for complainant.
Minter Wimberly, City Atty., for defendant.

SPEER, District Judge.   The Chicago Portrait Company, a corporation of the state of Illinois, brings its bill against the mayor and council of the city of Macon, and asks an injunction against the enforcement of a tax upon the complainant's agents, upon the ground that such enforcement is repugnant to article 1, § 8, par. 3, of the Constitution of the United States. W. L. Chrystal was one of the complainant's agents. His case was taken as typical of the others, and the case submitted upon the following agreed upon facts:

"Chrystal was a nonresident of the state of Georgia. The Chicago Portrait Company was a corporation of Chicago, Ill., with its principal office and place of doing business in Chicago. Chrystal was a special agent of the Chicago Portrait Company and had been sent to Macon for the purpose of delivering

certain pictures to customers who had ordered pictures enlarged. That such pictures were enlarged in Chicago, and after they were finished they were consigned to the Chicago Portrait Company in bulk at Macon, Ga., for said customers, and were received by Chrystal as an agent of the Chicago Portrait Company for the purpose of delivering the same to the parties who had ordered them and receiving the pay therefor at the contract price. That such pictures were the property of the Chicago Portrait Company, until the same had been received and paid for by the respective customers who had ordered the work done. In case a customer refused to receive the picture, the same was shipped back to said company. That each and every customer had the privilege of receiving his picture framed or unframed, and had a choice between frames of different prices. That the orders for said pictures had been previously taken by other agents of the Chicago Portrait Company and forwarded, with the pictures to be enlarged, to Chicago, where the work of enlargement was to be done, and that Chrystal had been sent to Macon to make delivery of and to collect for said work, and was engaged at the same at the time he was arrested."

The bill contains the usual averment that the injury attempted by the city of Macon is noncomputable and irreparable in damages; that equity should take jurisdiction to avoid a multiplicity of suits—there being a large number of agents here engaged in the same capacity with Chrystal. The prayer is for an injunction to restrain and enjoin the city of Macon from arresting the agents of complainant who are now here, or who might at any time be sent to the city of Macon for the purpose of soliciting orders for pictures to be enlarged, or who may be here for the purpose of delivering and collecting for such pictures after they are enlarged and returned for delivery, and from attempting to collect from complainant a license or tax for its business by the mayor and council of the city of Macon, or from otherwise interfering with the agents of the complainant, or the conduct of its business.

The license ordinance of the city of Macon, in contemplation of which the tax is demanded, is as follows:

"Peddlers or hawkers, meaning those who sell any article of merchandise, books, etc., or from house to house solicit orders therefor, whether sold direct or delivered at a later period, shall pay a license per month of, and no license shall be prorated, $5.00.

"And each and every person engaged in the above business shall be subject to license, and such license shall include the delivery of the article sold: provided, that this license shall not apply to traveling salesmen, commonly known as drummers, selling to the trade only."

While there are other averments in the bill and in the not properly verified answer of the defendant, the attention of the court has been, of course, restricted to the recital of agreed upon facts above stated. This being true, it is difficult to perceive anything in the business tax except an instance of interstate commerce. The Chicago Portrait Company sends its agents to Macon for the purpose of soliciting for the business in which it is engaged. That business is the manufacture of enlarged photographs. It is conducted exclusively in another state. It certainly cannot be contended that these soliciting agents are taxable by this state or by any corporation created by it. They are not peddlers, because they do not sell either by retail or by sample, and they do not carry their goods with them. They are merely traveling solicitors for the corporation engaged in the busi-

ness of making and enlarging portraits. These solicitors for the contracts of enlargement of portraits are not the agents who deliver the portraits when they have been enlarged. This also appears from the agreed statement of facts. It is equally true that the men who deliver the enlarged portraits are not peddlers or hawkers. They have not sold the articles. They are merely employed by the Chicago concern to deliver them and to collect the price. The business itself, which could be taxed by a state or municipal authority, is that carried on in Chicago, and it is presumable that it pays its share of the public burdens there. The only theory upon which the city insists upon the collection of this tax, and the imposition of penalties therefor when it is not paid, is that the agents of the Chicago corporation are peddlers or hawkers when they deliver the completed pictures sent to them for that purpose only. Now, in the case of Emert v. Missouri, 156 U. S. 296, 15 Sup. Ct. 367, 39 L. Ed. 430, the Supreme Court of the United States quotes with approval the language of Chief Justice Shaw of Massachusetts, in the case of Commonwealth v. Ober, 12 Cush. 493, where he says:

"The leading primary idea of a hawker and peddler is that of an itinerant or traveling trader, who carries goods about, in order to sell them, and who actually sells them to purchasers in contradistinction to a trader who has goods for sale and sells them in a fixed place of business."

It is difficult to discover any correspondence between this definition and the facts submitted by the parties in this case. It is insisted by the city attorney that the ruling of this court in the case of Ben Duncan v. City of Macon, no opinion filed, is authority for holding the agents of the complainants as peddlers. This does not seem to be justifiable in view of the character of that case. There the court in its oral opinion said, speaking of the parties concerned:

"It is true that they go from house to house and offer to sell goods by retail and by sample. If they stopped there, they would not be peddlers; but suppose they take the goods with them and deliver them. Whether they carried them in a highly decorated wagon, or whether they carried them in an oil cloth pack of less conspicuous character, they would be peddlers."

That clearly is not this case. Here the case is that of a nonresident manufacturer sending agents into the state to solicit business, and thereafter sending other agents into the state to deliver the goods the agents first sent have contracted to furnish. The case seems to be within the principle of Brennan v. Titusville, 153 U. S. 289, 14 Sup. Ct. 829, 38 L. Ed. 719. There a Chicago manufacturer of pictures and picture frames employed his agents to go personally into Pennsylvania and solicit orders. This he did. The goods sold were shipped to the purchaser from Pennsylvania, and the price of the goods was collected and forwarded, sometimes by the express companies, and sometimes by the agents of the manufacturer. There the Supreme Court held that the tax was upon interstate commerce, and could not be enforced. I quote the apposite language of Mr. Justice Brewer:

"The question in this case is whether a manufacturer of goods, which are unquestionably legitimate subjects of commerce, who carries on his business of manufacturing in one state, can send an agent into another state to solicit

orders for the products of his manufactory without paying to the latter state a tax for the privilege of thus trying to sell his goods."

The right to tax there was denied by the court, not only because it was an attempt to regulate interstate commerce, but also because the city of Titusville had no authority under its police power to impose the taxation. "It must be borne in mind," said the learned justice, "that the goods which the defendant was engaged in selling, to wit, pictures and picture frames, are open to no condemnation, and are unchallenged subjects of commerce. There is no charge of dealing in obscene or indecent pictures, or that the pictures, or the frames, were in any manner dangerous to the health, morals, or general welfare of the community. * * * There is no discrimination, except between manufacturers and licensed merchants on the one hand, and the rest of the community on the other, and, unless it be a matter of just police regulation to tax for the privilege of selling to manufacturers and merchants, it cannot be to tax for the privilege of selling to the rest of the community." I think that the nonresident manufacturer of these pictures has the right to send its soliciting agents here and attempt to market its wares, and it also has the right to send its other agents here and deliver the wares when sold, and collect the price thereof, and the entire transaction being exclusively commerce between the states, and being in no sense objectionable as inimical to the good order and safety of the community, neither the state nor the city has any right to impose or collect taxation therefor.

It is said, however, that the sale of the picture frames by delivering agents will make them peddlers. It is not discoverable from the evidence submitted that the delivering agents sell the frames. The language is: "Each and every customer had the privilege of receiving his picture framed or unframed, and take his choice between frames of different prices." But, if this can properly be construed to indicate that the delivering agent is engaged in selling the frames, there is, nevertheless, high authority to negative this theory of the defendant. The Supreme Court of South Carolina, in the case of State v. Coop, 30 S. E. 609, 41 L. R. A. 501, Mr. Justice Gary delivering the opinion, held that the sale of the frame is a mere incident to the business in which appellant was regularly engaged, and the frame may properly be regarded as part of or incident to the picture. "This case," the learned justice remarks, "does not fall either within the letter or spirit of the statute against hawkers and peddlers, and, even if the statute could be construed to embrace cases like this, it would be unconstitutional on the ground of interference with interstate commerce." The plaintiff in error in whose favor the decision was made in that case was one of the agents of the complainant here.

For these reasons the injunction sought by the complainant will be granted.