## CITY OF LAURENS v. ELMORE.

PICTURE FRAMES—INTERSTATE COMMERCE—U. S. CONSTITUTION—LAURENS—NON-RESIDENT.—A CITY ORDINANCE requiring an agent of a corporation residing in another State to pay a license for selling a picture frame, encasing a picture sold by the corporation on previous order, is in violation of the interstate commerce provisions of the United States Constitution. *Mr. Justice Jones concurs in legal conclusion, but dissents as to the application of that principle to the facts of this case.*

Before GAGE, J., Laurens, February, 1899.   Affirmed.

Information against C. R. Elmore for violation of ordinance of city of Laurens for selling picture frames without license.   From order of Circuit Court sustaining appeal of defendant from judgment of mayor, the city of Laurens appeals.

*Messrs. F. P. McGowan* and *W. R. Richey,* for appellant, cite: 100 U. S., 607; 145 U. S., 1.

*Messrs. Ball, Simkins & Ball* and *P. H. Nelson,* contra. The latter cites: 52 S. C., 508; 156 U. S., 296; 12 Cush., 495; 153 U. S., 289; 47 Fed. R., 208; 120 U. S., 489; 39 Kan., 764; 39 S. W. R., 1; 133 Pa. St., 284.

July 6, 1899.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   This is an appeal from the judgment of the Circuit Court, which reversed the judgment of the mayor's court of the city of Laurens, wherein the defendant was adjudged guilty of the violation of an ordinance of such city, fixing a special license tax for all occupations carried on within said city of Laurens, S. C.   It seems that The Chicago Portrait Company, of Chicago, in the State of Illinois, is engaged in the business of enlarging pictures or photographs, and selling frames to such pictures.   .This company carries on this work through agents, who deliver such work when completed under a contract previously made between the customer and said company.   To purchase the frame is entirely voluntary, but the company only sends frames to its customers in contracts for enlarging pictures or photographs.   Of course, it is lawful for the city of Laurens to exact a license from persons doing business within the limits of such city, unless the same contravenes the laws of the United States.

The Circuit Judge held that the proposed special license was in contravention of the clause of the United States Constitution which confides to Congress the power to regulate inter-

state commerce. This Court, in the recent case of the *State v. Coop,* 52 S. C., 508, held that one who delivers a portrait already sold in a frame, with option to purchaser to buy a frame, as set out in the contract of sale of the portrait, is not a hawker and peddler, under Crim. Code, 294, in selling the frame to the purchaser of the portrait. This decision was bottomed upon the two prior cases of *State v. Moorehead,* 42 S. C., 211, and *Alexander v. Greenville Co.,* 49 S. C., 527, and all three cases are decided in view of art. I., sec. 8, of the United States Constitution. If Congress has had confided to it, under the terms of the Federal Constitution, the duty of regulating commerce between the States, its jurisdiction is exclusive, and the States can only exercise any interference with such commerce by special power given therefor by Congress. No power has been confided by Congress to the States of this Union except in a few cases, and the present instance is not one of them. Hence the ordinance of the city council of Laurens, now in question, is unlawful. And, therefore, the Circuit Judge committed no error in the ruling appealed from. *Brennan v. Titusville,* 153 U. S., 289.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY *concurs in result.*

MR. JUSTICE JONES. I concur in the opinion by Mr. Justice Pope, in so far as it is held therein that the ordinance in question and the sentence thereunder are void as an interference with interstate commerce, as applied to the act of the defendant in reference to the delivery of enlarged pictures or photographs as the agent of the Chicago Portrait Co., a resident of Chicago, Illinois, pursuant to orders theretofore given. To this extent the ruling is in perfect accord with the decisions of the United States Supreme Court, a number of which are cited in the case of *Brennan v. Titusville,* 14 Sup. C. Rep., 829, referred to in the opinion by Mr. Justice Pope. But I am unable to agree in so far as the opinion

holds the ordinance requiring a license to sell picture frames within the city of Laurens is void, as applied to the act of the defendant in this case. The record or brief, to which alone we may look for the facts of this case, shows that defendant "delivered the enlarged pictures or photographs pursuant to orders theretofore given, and that he only sold picture frames to persons who had given orders for enlarged photographs." Here, then, is the distinct fact that the picture frames were not sold and delivered pursuant to any interstate order or contract therefor. I admit, that if the picture frames had been sold and delivered pursuant to the contract for delivery of the enlarged pictures, such sales and delivery would constitute interstate commerce, and would come under the principle announced in reference to delivery of the enlarged pictures. But in this case it does not even appear that the picture frames were manufactured abroad and imported into this State, much less imported pursuant to an order therefor. Nor does it appear that the business of selling picture frames to a particular class of purchasers is so directly connected with the primary business of enlarging pictures as to be a necessary incident thereto. If the sale of picture frames is not merely convenient and advantageous, but is essential, to the business of enlarging pictures, such sale would doubtless be protected as interstate commerce along with interstate business of which it is a necessary part. But the contract for the enlargement of the picture, not providing, as it might have done, for the sale and delivery of the frame, shows that the parties did not contemplate the sale of a frame as a part of or essential to the transaction for enlarging the picture. Even if it should be imagined that, owing to the delicate nature of the work, the pictures were delivered in frames, with option to the customers to purchase the frames if they desired, that would not make the sale of the frames, *while in this State,* an *interstate transaction.* Such commerce is domestic, and subject to the tax or license laws of the State, which do not discriminate against the citizens and products of other States. It is not con-

tended that the ordinance discriminates. Nor is it inti-
mated that the picture frames were sold in the original pack-
ages in which they were imported, if imported at all. In the
case of *Machine Co.* v. *Gage,* 100 U. S., 676, the Supreme
Court of the United States held that a State tax on peddlers
of sewing machines, which applies alike to sewing machines
manufactured in the State and out of it, is not repugnant to
the Federal Constitution. In this case the machines sold
were with the salesmen at the time of the sale, thus disting-
uishing from cases in which the sales were made by order or
sample of goods not in the State at the time of the contract
of sale. In the case of *State* v. *Emert,* 103 Mo., 241, re-
ported in 23 Am. St. Rep., 874, the Supreme Court of Mis-
souri, in a very able opinion, held that "the sale of goods
which are in another State at the time of sale for the purpose
of introducing them into the State, in which a regulation
concerning their sale is made, is interstate commerce, and a
tax upon them before they are brought into the State is a tax
on interstate commerce. The imposition of a license tax on
the person so making sale of them is also, in effect, a tax
upon the goods, and illegal, because the State cannot tax
goods beyond its jurisdiction; but as soon as the goods are
brought into the State, and have become a part of its general
mass of property, they become taxable the same as other sim-
ilar property within the State." This was the case of a ped-
dler selling a sewing machine as the agent of a non-resident
manufacturer, after the introduction thereof into the State
of Missouri. On appeal to the Supreme Court of the United
States, that tribunal affirmed the judgment of the Missouri
Court. *Emert* v. *State,* 156 U. S., 296, 15 Sup. Ct. Rep.,
367. The distinction is clearly drawn between attempts by
State laws to tax property or impose a license tax for selling
the same, so as to burden interstate commerce therein before
introduction into the State and incorporation as a part of the
property of the State, and such attempts after the property is
so introduced—the former being, in conflict with the com-
mercial clause of the Federal Constitution, the latter not, if

31—55

not discriminatory. Brennan's case, cited by Mr. Justice Pope, does not conflict with this view.' In that case the admitted fact was that Brennan, as the agent of the manufacturer of picture frames and maker of portraits, residing in Chicago, Ill., solicited orders in Pennsylvania for pictures and picture frames, exhibiting samples of his pictures and frames, and upon receiving orders for pictures and picture frames, the manufacturers forwarded the same direct to the purchaser. In such case the sale and delivery of the frames as well as the pictures was clearly an interstate transaction, and as such exempt from the direct burden placed thereon by the State law. I do not regard the case of *State* v. *Coop,* 52 S. C., 508, as decisive of this case. That case merely decides that one who delivers a portrait already sold in a frame, with option to the purchaser to buy a frame, as set out in the contract of sale of the portrait, is not a hawker and peddler under our statutes. The case was rested on the principle announced in the *State* v. *Moorhead,* 42 S. C., 211, and *Alexander* v. *Greenville County,* 49 S. C., 527, wherein it was held that a traveling salesman of an established agency in this State for the sale of machines, who solicited orders, sold by sample, and *occasionally* sold the sample itself, was not a hawker or peddler, within the meaning of our statute. The Court was careful to say : "This Court does not undertake to say that the agent might not have sold the frames in such manner as to have violated the said statute, but the language herein used must be construed as applicable alone to the facts of this case, which show that the sale of the frames was a mere incident to the regular employment of the agent."

As the conviction and sentence by the mayor's court was for delivering enlarged photographs, *and* selling frames for said pictures without a license, it is proper to affirm the judgment of the Circuit Court reversing the judgment of the mayor's court; but under my view as to the validity of the ordinance forbidding the selling of picture frames in the city of Laurens without a license, as applied to the facts appear-

ing in the case now before us, the case, as it seems to me, should be remanded for a new trial before the mayor's court, for the alleged violation of that ordinance.