## CHRYSTAL *v.* MAYOR AND COUNCIL OF MACON.

1. A business carried on by a non-resident of this State through agents, some of whom solicit from citizens of Georgia orders for goods and forward the same to their principal in the State of his residence, and others of whom, after the arrival of shipments from that State, make deliveries to and collections from the customers here, is not protected by the interstate commerce clause of the Federal constitution from municipal taxation in Georgia, when it affirmatively appears that some of these goods are never in fact ordered or purchased until after they are actually within the limits of this State.

2. The above is applicable to a business in the course of which each customer, though he actually orders a portrait from a dealer in another State, has the right or privilege of selecting and purchasing from the latter's

agent in this State a suitable frame for every portrait from a stock of frames shipped to Georgia for this purpose by the dealer, no customer, however, being in any instance bound to purchase a frame unless he chooses to do so. So far as respects the sale of the frames, this is a Georgia business pure and simple, and has no interstate feature.

3. The recorder did not err in holding that the municipal ordinance under which the plaintiff in error was tried and convicted was not violative of the above-mentioned clause of the constitution of the United States, nor in adjudging that he was guilty. There was, consequently, no error in refusing to sanction the petition for certiorari.

Argued June 5, — Decided July 18, 1899.

Petition for certiorari. Before Judge Felton. Bibb superior court. April 1, 1899.

*Estes & Jones*, for plaintiff.
*Minter Wimberly*, for defendant.

LUMPKIN, P. J. The Chicago Portrait Company carried on through its agents in this State a business the nature of which is sufficiently indicated in the headnotes. Chrystal, one of its delivering agents, was, in the municipal court of the City of Macon, convicted of "doing business in said city without a license." The only defense he set up was that the ordinance under which he was prosecuted was violative of the interstate commerce clause of the Federal constitution, and his petition for certiorari presented for adjudication this question only. The judge of the superior court refused to sanction the petition, and the case is here for review. We have without serious difficulty reached the conclusion that, in so far as the business in question related to the sale and delivery of picture-frames, it was certainly outside the scope and operation of the above-mentioned clause of the constitution of the United States. No customer of the portrait company agreed to purchase, or was bound to take and pay for, a picture-frame, unless he chose to do so after inspecting the portrait which he had ordered; and in case he then desired to purchase a frame, he selected it from a stock of frames which had already been shipped from Illinois into Georgia, consigned to and received by the company's agent here. The mere fact that at the time of ordering the picture the customer may have reserved the right to select and buy a picture-frame is of no consequence whatever. Nor does it

matter that the so-called privilege of purchasing picture-frames from this company was exclusively in those who had ordered pictures. In no view of the matter could it be fairly said that a binding contract of any description, relatively to the purchasing of a picture-frame, existed between the company and any purchaser, until a sale, negotiated in this State, was actually effected here. It was argued that a portrait and its frame were so intimately connected that both together really constituted a unit or single thing. This may be quite true after a portrait is placed in a frame; but manifestly, until this has been done, they are separate and distinct things, each having its own independent commercial value; and the scheme of the very business under discussion distinctly recognizes that this is so. The company unquestionably sells portraits without selling frames; and when it does sell a frame that is a complete transaction in and of itself.

The conclusion necessarily follows that the judgment of the municipal court was right and lawful, and that the superior court properly so held.

<em>Judgment affirmed. All the Justices concurring.</em>