# Dozier v. The State.

## Violating Revenue Law.

(Decided Feb. 13, 1908.　46 South. 9.)

. 1. *Commerce; Regulation; License.*—A non resident corporation, by solicitors travelling in this state, obtained orders for the enlargement of photographs, which order stated that the purchaser ordered a portrait unframed, but that the portrait was to be delivered in an appropriate frame, which frame the purchaser was at liberty to take at factory prices. Held, that if the frame was sold when the portrait was delivered in it, the sale was made and completed at the place of delivery, after the frame came into the state, and hence, it was intra state and not interstate commerce, for which the solicitor was liable for. a license under the provisions of General Acts 1907, p. 469.

2. *Constitutional Law; Privileges or Immunity.*—The act of March 7, 1907, sec. 17, (General Acts 1907, p. 469) is not in conflict with the Constitution of the United States as discriminative in favor of merchants having a permanent place of business within the state as against merchants residing without the state.

3. *Exceptions, Bills of; Construction.*—A bill of exception is always construed most strongly against the party excepting.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

Alfred Dozier was convicted of a violation of Act March 7 1907, § 17 (Acts 1907, p. 469), imposing on any person soliciting orders for the enlargement of photographs or for picture frames, or selling picture frames, a license tax, and he appeals. Affirmed.

The following is the agreed statement of facts on which this case is tried: "That the defendant, Alfred Dozier, is now and has been the agent of the Chicago Crayon Company for the purpose of delivering pictures and frames and collecting the money.therefor, the orders for which pictures and frames have previously been taken by other agents of the Chicago Crayon Company. That the said Chicago Crayon Company is a corporation in the

state of Illinois, its only place of business being in the city of Chicago, state of Illinois. That it is engaged in the business at Chicago of making and enlarging portraits in oil, india ink, water colors, and pastel from photographs, and in the manufacture of picture frames. That in the prosecution of its business the said company has agents traveling in the state of Alabama and other states, who solicit orders, which orders are the same as the one attached hereto and marked 'Exhibit A' and made a part hereof, and is signed by the customer and witnessed by the agent. Upon securing this order the agreement marked 'Exhibit B,' attached hereto and made a part hereof, is signed by the agent and turned over to the party giving the order and a duplicate forwarded to the company at Chicago. When the portrait ordered is ready for delivery, a notice is sent to the person who has ordered the same, and the portrait and frame are shipped from Chicago to the place where they are to be delivered, consigned to the Chicago Crayon Company, and are received and receipted for by the agent of the company. That all orders are taken, executed, shipped, and delivered in the name of the company, and the pictures and frames remain the property of the company until delivered and collected for. The defendant has since March 2, 1907, in the county of Montgomery, as agent for the Chicago Crayon Company, been engaged in the business of delivering pictures and frames and collecting therefor as above set out in the manner and way as above stated. Neither the defendant nor the Chicago Crayon Company have a permanent place of business in the State of Alabama, keeping picture frames as a part or all of their stock in trade. Neither the defendant nor the Chicago Crayon Company has paid the license tax of $25, provided for in section 17 of the act of the Legislature, entitled 'An act to amend

the revenue laws of the state of Alabama, approved March 7, 1907 ' " (Acts 1907, p. 469).

Exhibit A: "No. —. Date —. Name,—. Address, —. Size, —. Kind, —. Price, —. Postoffice, —. Date, —, 190—. I, the undersigned, hereby order from the Chicago Crayon Company — oil, pearl, sepia, pastel, crayon, bromide portrait, unframed, size —, for which I agree to pay $—, when delivered. I also understand that my portrait is to be delivered in an appropriate frame, which this contract entitles me to accept at factory price. [Signed] —, Customer. Witness: —, Salesman."

Exhibit B: "Contract. On or about —-, 190—, we agree to deliver to —, the holder of this contract, a finely finished — portrait, unframed, as shown by our salesman. The purchaser agrees to pay $— for the portrait when delivered. All portraits are delivered in appropriate frames, which this contract entitles the purchaser to accept at factory prices. Elegant patterns, at retail from $4.00 to $8.00, we furnish at from $1.50 to $5.90, whch is one-third to one-half the usual price. Kindly remember the date of delivery and have money ready, as our delivery man can make but one call to collect charges for same. Please be at home or leave the money with the nearest neighbor. Groups extra. [Signed] —, Advertising Salesman Chicago Crayon Company."

The court gave the affirmative charge for the state, and refused a like charge to defendant.

HILL, HILL & WHITING, for appellant. It is elemental that no state has the right to levy a tax on interstate commerce in any form.—*Lung v. Michigan,* 135 U. S. 155; *Leloup v. Port of Mobile,* 127 U. S. 640; *Robbns v. Shelby County Taxing District,* 120 U. S. 490. Under the facts in this case the defendant is engaged in interstate commerce, to which the act in question has no ap-

plication.—*Brannan v. Titusville,* 153 U. S. 289; *Caldwell v. North Carolina,* 187 U. S. 22; *In re Spann, et al.,* 47 L. R. A. 97; *City of Laurens v. Elmore,* 45 L. R. A.; *Chicago ortrait Co. v. Macon,* 147 Fed. 967; *Texas v. French,* 52 L. R. A. 160; *Leisy v. Hardng,* 135 U. S. 100.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, for the state. Bills of exceptions are construed most strongly against the exceptor, and that construction is adopted which will support the judgment.—*Dickens v. The State,* 142 Ala. 51. So far as the portrait is concerned, its sale is protected by interstate commerce, but under the facts in this case, the sale of the frame is intra and not interstate commerce.—*State v. Montgomery,* 43 Atl. 13; *Crystal v. Mayor,* 33 S. E. 810; *Machine Co. v. Gage,* 100 U. S. 672; *Emert v. Missour,* 156 U. S. 296; *Randolph v. Yellowstone Kit,* 83 Ala. 471; *Ballou v. The State,* 87 Ala. 144.

DENSON, J.—Section 17 of an act of the Legislature approved March 7, 1907, and entitled "An act to further amend the revenue laws of the state of Alabama," reads as follows:

"Sec. 17. That each person, firm, or corporation either in person or through agents, who solicits orders for the enlargement of photographs or pictures of any character, or for picture frames, whether they make charge for such frames or not, or any person, firm or corporation either in person or through agents, who sells or disposes of picture frames, shall pay a license tax of twenty-five dollars in each county in which they do business; that this act shall not apply to merchants or dealers having a permanent place of business in this state and keeping picture frames as a part or all of their stock in trade."—Acts 1907 p. 469.

The defendant was arrested under a warrant issued on an affidavit sued out before a justce of the peace, charging him with a violation of this law; the warrant being made returnable to the county court of Montgomery county. The defendant was tried in said court, and convicted, and from the judgment of conviction he appealed to the city court of Montgomery. In the city court the solicitor filed a complaint, which is in the following language: "The state of Alabama, by its solicitor, complains of Alfred Dozier that within twelve months before the commencement of this prosecution he did engage in or carry on the business of soliciting orders for the enlargement of photographs or of selling and disposing of picture frames without a license and contrary to law, against the peace and dignity of the state of Alabama. S. H. Dent, Jr., Solicitor." From a judgment of conviction rendered by the city court, this appeal is taken.

The cause was tried on an agreed statement of facts, which is fully set out in the record. It is conceded that the defendant cannot be convicted for delivering the pictures, because the taking of the orders therefor and the delivery in pursuance of the order contracts, in the manner shown by the statement of facts, is interstate commerce. But the insistence of the state is that the sale of the frames for the pictures was made and completed in Alabama, by the agent, after they came into the state, and while in possession of the agent, and, therefore, that the transactions in respect to the frames were not interstate, but intrastate, commerce, and that the conviction should be sustained under the latter alternative in the complaint.

The precise question presented by this insistence has never been passed upon by the Supreme Court of the United States, so far as we are advised. The cases decided by that court, which are cited and relied on by the

appellant, show in the statement of the facts that the written contracts for the goods were made out and completed by the soliciting agent, with nothing remaining to be done by the delivering agent but to deliver the goods, as was the case in respect to the contracts for the pictures in the instant case. In other words, the contracts were completed, between the purchaser and the soliciting agent acting for the company, in such way as made them binding on both parties and of enforceable efficiency by either party upon compliance with its terms. See brief of appellant's counsel for the cases. In the case in judgment it appears, from the statement of facts, that upon securing the orders for portraits (in form as shown by Exhibit A to said statement), which orders are signed by the customer and witnessed by the agent, an agreement (in form as shown by Exhibit B to said agreed statement of facts) is signed by the agent, acting for the company, and left with the customer, and a duplicate thereof is forwarded to the company in Chicago. Construing the two exhibits together, it seems to us clear of doubt that no sale was made by the soliciting agent of the frame. The purchaser is not bound by the terms of either of the exhibits to accept and pay for a frame, and the extent of the meaning of the two is that an opportunity will be afforded the purchaser, at the time the portrait is delivered, to purchase a suitable frame, so that the minds of seller and purchaser do not concur in the consummation of a sale contract, in respect to the frame, until the delivering agent has exhibited the frame, with its price, and the purchaser accepted it at that price. It is at that time the sale is consummated, and not before.

It is true that the Supreme Court of South Carolina (in the case of *State v. Coop,* reported in 52 S. C. 508, 30 S. E. 609, 41 L. R. A. 501, and *City of Laurens v. El-*

*more,* 55 S. C. 477, 33 S. E. 560, 45 L. R. A. 249) has decided the question contrary to the conclusion we here reach; and that Judge Speer, United States District Judge, in the case of *Chicago Portrait Company v. Mayor, etc. of the City of Macon,* (C. C.) 147 Fed. 967, adopted the reasoning employed in the *Coop Case, supra,* and reached the same conclusion as was arrived at in that case. But the United States District Court is not a court of last resort; and we are not impressed nor persuaded by the reasoning employed by the South Carolina Court but prefer to accept and follow that of the Supreme Court of Maine in the case of *State v. Montgomery,* 92 Me. 433, 43 Atl. 13, and that of the Supreme Court of Georgia in the case of *Chrystal v. Mayor, etc., of the City of Macon,* 108 Ga. 27, 33 S. E. 810, in which cases the same conclusion was reached that we here announce. The sale of the frames, in the manner and under the circumstances disclosed by this record, did not constitute interstate commerce.

There is no merit in the contention that the law is in conflict with the Federal Constitution, in that it discriminates in favor of merchants having a permanent place of business as against merchants residing without the state. It is too clear for argument that any merchant, whether he resides in the state or out of it, may be exempt from the license, provided he has a permanent place of business in the state and keeps picture frames as a part or all of his stock in trade. In other words, this condition or exception applies to all alike whether residents or non-residents, and there can be no discrimination where this is true.

Construing the bill of exceptions most strongly against the exceptor, as the rule requires shall be done (*McGehee's Case,* 52 Ala. 224), it must be held that the court committed no error in giving the general affirma-

tive charge, with hypothesis, requested by the state, nor in refusing that requested by the defendant.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.