# Clark *v.* The State.

*Violating Revenue Law.*

(Decided June 4, 1912.   Rehearing denied June 19, 1912.
59 South. 236.)

1. *Commerce; Interstate; Revenue Statute.*—Subdivision 58, Section 2361, Code 1907, will be construed to be applicable to intrastate commerce only, and a charge of a violation of said statute is not supported by proof of transactions involving interstate commerce.

2. *Same; Transaction Constituting.*—When a foreign corporation without agent or place of business in this state employed agents to solicit orders in this state for lightning rods according to sample rods exhibited when the orders were given, and the rods were ordered for future delivery , crated and shipped by the corporation from its place of business in another state, to the nearest railway point of the buyer, consigned to the corporation itself and its agent made the deliveries, the transaction was interstate commerce, and not within subdivision 58, Section 2361. Code 1907.

APPEAL from Pike County Law Court.

Heard before Hon T. L. BORUM.

J. Scurry Clark was convicted of violating the revenue laws of the State.   Reversed and remanded.

WINN & WINN, for appellant.   Subdivision 58 of Section 2361, is violative of the Constitution in that it does not conform to the requirement of equality and uniformity.—80 Alya. 375.   The business was interstate and not intrastate.—*Tennessee v. Scott,* 36 L. R. A. 461; *Breunaw v. Titusville,* 153 U. S. 789; *Dozier's case,* 218 U. S. 124; *Lee v. Town of LaFayette,* 153 Ala. 675; *In re Spain,* 47 Fed. 298.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.   The transaction became an intrastate transaction when delivered to the agent for distribution in this State.   *Gen. Oil. Co. v. Crane,* 209 U. S. 212; *Am. S. & W. Co. v. Speed,* 192

[Clark v. The State.]

U. S. 500.   If the judgment was erroneous it was subject to correction here.

WALKER, P. J.—In the terms of the provision of subdivision 58 of Section 2361 of the Code, requiring "each person, firm or corporation who engages in the business of selling or delivering lightning rods" to pay a license charge of $25 annually "for each county in which they may sell or deliver said articles," there is nothing to indicate that it was any part of its purpose to require such payment to be made by a person, firm, or corporation whose acts, in selling or delivering lightning rods, are interstate commerce transactions.   There being a legitimate field for the operation of the provision as it was framed, namely, as regards the intrastate selling or delivery of lightning rods, it is not to be construed as undertaking to regulate or restrain transactions which are not subjects of State regulation or control. And a charge of a violation of the provision cannot be supported by evidence of transactions which were not subject to the regulation prescribed.

The charge in this case was that the defendant "engaged in or carried on the business of selling or delivering lightning rods without a license and contrary to law, against the peace," etc.   The charge was sought to be supported by an agreed statement of facts, which may be summarized as follows: The defendant within the month in which the charge against him was made was engaged in Pike county in taking orders for and delivering lightning rods as the agent of the St. Louis Lightning Rod Company, a corporation with its offices located in the city of St. Louis, and which had no office or place of business in this State.   The manner in which the business of that company in this State was transacted was as follows: Soliciting agents or salesmen traveled

from place to place in Alabama and solicited orders for future delivery, sample rods being displayed or exhibited when orders were solicited. "The lightning rods, as ordered per sample, are crated or bundled and shipped from the place of business of the said company in the State of Missouri by freight to the nearest railway point of the purchaser, consigned to said company; and agents of said company, known as deliverymen, are furnished with a wagon and team for the purpose of making delivery of the lightning rod to the purchaser, orders for which have been previously obtained by said soliciting agents."

In the light of the ruling made in the case of *Dozier v. State of Alabama,* 218 U. S. 124, 30 Supt. Ct. 649, 54 L. Ed. 965, 28 L. R. A. (N. S.) 264 it is plain that the defendant's acts in taking and forwarding orders for lightning rods, and in making deliveries of lightning rods shipped from St. Louis in pursuance of such orders, were but parts of interstate commerce transactions. Indeed, it was distinctly recognized in the opinion rendered in that case when it was before the Supreme Court of Alabama (*Dozier v. State,* 154 Ala. 83, 87, 46 South. 9, 129 Am. St. Rep. 51) that one could not be convicted for such a connection as the agreed statement of facts in this case showed that the defendant had with the transactions for which he is sought to be made criminally liable. As the only acts of the defendant in selling or delivering lightning rods which are shown by the agreed statement of facts were interstate commerce transactions that statement of facts shows no violation by the defendant of the staute upon which the prosecution was based. It follows that the trial court was in error in finding and adjudging that the defendant was guilty.

Reversed and remanded.