# Miller *v.* The State.

### *Violating Revenue Law.*

(Decided April 8th, 1913. Rehearing denied April 23, 1913.
62 South. 307.)

*Commerce; Interstate; License.*—Under the evidence in this
case, the corporation was engaged in interstate business, and its
delivery agent, the appellant in this case was not subject to the
provisions of subdivision 58, Section 2361, Code 1907.

APPEAL from Barbour Circuit Court.

Heard before Hon. A. H. ALSTON.

G. A. Miller was convicted of violating the revenue
law and he appeals. Reversed and remanded.

WINN & WINN, for appellant. The defendant was engaged in interstate business, and was not subject to the provisions of subdivision 58, section 2361, Code 1907, and hence, the demurrers to the indictment should have been sustained.—*Harris v. The State,* 50 Ala. 127; *Davis v. The State,* 52 Ala. 357. That it is interstate commerce see *Dozier v. The State,* 154 Ala. 83; s. c. 218 U. S. 965; *Stratford v. City of Montgomery,* 110 Ala. 619; *Moog v. The State,* 145 Ala. 75; *Crutcher v. The State,* 141 U. S. 147.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The indictment was in Code form and was, therefore, sufficient. That the contract was accepted in this state or in another state, did not change the interstate shipment.— *Ware v. Hamilton-Brown Shoe Co.,* 92 Ala. 145; *Culverson v. American Trust & Banking Co.,* 107 Ala. 457. Nor does the state contend that the shipment was not entirely interstate. The shipper may use two agencies instead of one.—*Robbins v. Taxing District,* 120 U. S. 489; *Caldwell v. N. Carolina,* 187 U. S. 622, 632; *Rearick v. Pa.,* 203 U. S. 507; *Dozier v. Ala.,* 218 U. S. 124. But it is the method of delivering the shipment that the state seeks to tax. This it has a right to do. The tax is not directed against the shipment, or against the business of selling, but is directed to the method of delivering or displaying the article sold. It is not beyond the inherent power of a state to tax any particular trade, calling or business.—*Armour Packing Co. v. Lacy,* 200 U. S. 226; *Cook v. Marshall County,* 196 U. S. 261; *Connally v. United Sewer Pipe Co.,* 184 U. S. 540; *Quartlebaum v. State,* 79 Ala. 1.

THOMAS, J.—The defendant was charged with a violation of those provisions of subdivision 58 of section

2361 of the Code, requiring each person, firm, or corporation selling or delivering sewing machines, either in person or through agents, to pay an annual license tax to the state of $25 for each county in which they sell or deliver such articles, and an additional tax of $10 for each wagon or team used in delivering or displaying the same—excepting from the application of the subdivision merchants selling such enumerated articles at their regularly established places of business.

The evidence without conflict established the following facts, to-wit: The defendant, as the agent, called a "deliveryman," of the Rotary Sewing Machine Company, a foreign corporation, with an office at Chattanooga, Tenn., and its factory at Cleveland, Ohio, delivered with a wagon and team in Barbour county, Ala., within the time covered by the indictment, sewing machines to persons who had previously given orders for their purchase and future delivery to traveling salesmen, known as "soliciting agents," of the said Rotary Sewing Machine Company. The company has no office or place of business in Alabama, but transacts business in this state by sending out said soliciting agents, who secure orders for the company for the machines, which orders bind the company to deliver to the purchaser the machine so ordered. These orders, when so procured by the soliciting agent, are then turned over to another agent of the company, known as a "deliveryman," of which the defendant was one, and are by them or him wired in, separately, to the company's office at Chattanooga, and are filled by it from its factory at Cleveland by shipping the machine or machines from there to the shipping point nearest the purchaser—each being marked with the name of the respective purchaser. The bill or bills of lading are sent by the company to the deliveryman, and upon these he obtains the machines

from the common carrier and makes delivery to the purchaser, whose name is marked on the machine, using a wagon or team in the doing of the same. The defendant, as said, was such a deliveryman of the company, and the only act he did was to wire in the separate orders of the company after they had been procured by the soliciting agent, and deliver the machines to the respective purchaser, or purchasers, after they had arrived at the nearest shipping point, employing in so doing a wagon and team hired from a local liveryman. At the conclusion of the evidence the court gave the general affirmative charge for the state, and refused a like charge for the defendant.

The statute cited, under which the conviction was had, in order to uphold its validity, must be construed as not intended to apply to acts or transactions of interstate commerce, the power to regulate which belongs exclusively to Congress. It follows that, in any prosecution under it, if the undisputed evidence shows that the acts done by the defendant were done in carrying on only interstate commerce, then he is entitled to an acquittal. The Supreme Court of the United States had a similar state of facts under consideration in the case of *Dozier v. State of Alabama,* 218 U. S. 124, 30 Sup. Ct. 649, 54 L. Ed. 965, 28 L. R. A. (N. S.) 264, and held that they constituted interstate commerce, reversing on writ of error the decision of our Supreme Court in the case of *Dozier v. State,* 154 Ala. 83, 46 South. 9, 129 Am. St. Rep. 51. In the case of *Clarke v. State,* 4 Ala. App. 202, 59 South. 236, we had under consideration the same section and subdivision of the Code we are now considering, and a state of facts almost on all fours with those here, and we held that they showed a transaction of interstate commerce. We are not convinced that we should depart from this ruling; but on the authorities

cited, where the question is fully discussed, we hold that the lower court erred in giving the general charge for the state, and in refusing it to the defendant.

The judgment of conviction is set aside and reversed, and an order will be here entered discharging the defendant.

Reversed and rendered.

