# Wright v. The State.

## *Violating Revenue Law.*

(Decided June 10, 1913. 63 South. 14.)

1. *Commerce; Interstate; Acts Constituting.*—Where an agent delivers lightning rods to persons who had previously ordered them from another agent, the rods being shipped from the manufacturer in another state, and not resold, but returned to the manufacturer, upon refusal of those ordering them to take them, such agent is engaged in interstate commerce and need not have a state license for selling and delivering lightning rods.

2. *Same.*—The fact that the delivering agent sometimes made a reduction from the contract price at the time of the delivery does not change the character of the transaction as an act of interstate commerce.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

K. L. Wright was convicted of selling lightning rods without a license and he appeals. Reversed and remanded.

GEORGE P. JONES, for appellant. The indictment was subject to the demurrer interposed. Sec. 7713, Code 1907; *Merritt v. State,* 59 Ala. 46. Under the facts in this case, the statement of the agent as to the total cost of the rod was no part of the contract and was irrelevant.—*Blank v. Moore,* 139 Ala. 624; *Fulton v. Medicine Co.,* 145 Ala. 331. The statute of Alabama has no application as the sale and delivery in this case was shown to be interstate commerce.—120 U. S. 489; 141 U. S. 47; 218 U. S. 124; *Clark's Case,* 4 Ala. App. 202.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The demurrer to the indictment does not appear of record, and hence, cannot be considered.—*McQueen v. State,* 138 Ala. 63. The facts in the present case differentiate it from the case of *Miller v. State,* present term, and *Clark v. State,* 4 Ala. App. 202, and show that the act was not an act of interstate commerce.—*Quartlebaum v. State,* 79 Ala. 1; 184 U. S. 540; 196 U. S. 261; 200 U. S. 226.

PELHAM, J.—The defendant was indicted for selling and delivering lightning rods without a license and contrary to law. The question presented is whether or not the acts shown were interstate commerce transactions, and therefore not subject to the state statute regulating and controlling them.

The evidence without conflict shows that everything done by the defendant pertaining to selling and delivering lightning rods was done by him while acting in the capacity of a delivering agent for E. A. Foy & Co. of Cincinnati, Ohio, who were engaged in the business of the manufacture and sale of these articles; that written orders signed by the purchasers were taken by another agent of the Foy Company from the residents of Lau-

derdale county, Ala., at their homes, and sent by this agent to the company at Cincinnati, and this company filled the orders by shipping the goods from Cincinnati to the defendant, as its agent, at the most convenient point for delivery on a railroad in Alabama, for delivery by the agent to the parties ordering rods in each instance; that no sale or delivery was made by the defendant to the purchasers except under the contract or written order, under the terms of which the rods purchased were shipped from Ohio to be delivered to the particular person in Alabama named in the order.

There is no distinguishable difference, in the principle involved, between the case presented by this record and the cases of *Clark v. State,* 4 Ala. App. 202, 59 South. 236, and *Miller v. State,* 7 Ala. App. 183, 62 South. 307, decided by us at the present term, in which we held, following the ruling of the United States Supreme Court in *Dozier v. State of Alabama,* 218 U. S. 124, 30 Sup. Ct. 649, 54 L. Ed. 965, 28 L. R. A. (N. S.) 264, that the acts of the defendants in selling and delivering constitute interstate commerce, and show no violation of the statutes upon which the prosecutions were based.

It would not take the transaction out of being commerce between the states because the delivering agent in some instances at the time of delivery made a reduction in the gross price to be paid for the rods as stipulated in the contract, when the purchaser objected to paying the full price named in the contract (35 cents per foot) upon a calculation of the total amount being made. In every instance where the rods were refused by the purchaser, it is shown that they were not sold to some one else, but were reshipped to the seller, Foy & Co., in Ohio. The defendant in delivering the rods in every instance delivered no other rods than those for

which orders had been previously taken and the goods shipped from another state for the purpose of filling the order. Business of this character, under the decisions of the United States Supreme Court, clearly constitutes interstate commerce, and it is to the substance of things that the courts must look in dealing with rights created and conserved by the federal Constitution.—*Crenshaw v. State of Arkansas,* 227 U. S. 389, 33 Sup. Ct. 294, 57 L. Ed. —, where a resume of the cases bearing on this question that have been considered by that court is given in the opinion by Mr. Justice Day. The conclusion here reached might well rest without other comment or citation, by analogy, upon the authority of that case—the most recent announcement (February 24, 1913) by the United States Supreme Court on the substance of the question involved in this appeal.

On the evidence before the court the defendant was entitled to have given, at his request, the general charge, and its refusal requires a reversal of the judgment appealed from.

Reversed and remanded.