168 So. 880

**AMERICAN BAKERIES CO. et al. v. CITY OF HUNTSVILLE.**

8 Div. 722.

Supreme Court of Alabama.

June 4, 1936.

Rehearing Denied June 25, 1936.

Sumter M. Kelley and Spalding, Sibley, Troutman & Brock, all of Atlanta, Ga., and Watts & White, of Huntsville, for appellants.

M. H. Lanier and Francis Esslinger, both of Huntsville, for appellee.

614

KNIGHT, Justice.

This is an appeal from the decree of the circuit court of Madison county, in equity, sustaining demurrers of the city of Huntsville to a bill filed by the appellants, American Bakeries Company and Carl Glenn, seeking to have declared null and void a certain license ordinance of said city, and for perpetual injunction against the enforcement of said ordinance.

On July 11, 1935, the respondent city adopted an ordinance for the licensing and taxing of certain businesses, vocations, and occupations, which so far as here pertinent reads:

"Itinerant sellers of bakery products. Any itinerant dealer, trader or seller of bread, commonly known as loaf bread or light bread, cakes, pies, rolls, doughnuts and cookies; and every itinerant dealer, trader or seller of any one or more of the commodities named above, and every agent, salesman or deliveryman for any such dealer, trader, or seller, $300.00.

"Bakeries. Every bakery or seller of bakery products, baking a part or all of the bakery products offered for sale at wholesale or retail by such bakery, and having a place of business regularly open to the public during the usual business hours within the city of Huntsville, Alabama, $100.00."

The American Bakeries Company is a Georgia corporation, and the said Carl Glenn is a resident citizen of Madison county, Ala.

It appears from the averments of the bill that the American Bakeries Company had duly qualified to do business in the state of Alabama, and was engaged in the business of manufacturing and selling bakery products, and had, at the time of the filing of the bill, three manufacturing plants where its said products were made, and one of its plants is located at Gadsden, Ala. That the company for the past few years has been doing business in the city of Huntsville in the following manner: It runs its truck daily to and from its bakery at Gadsden to Huntsville, and from this truck it delivers to the said Carl Glenn, one of the complainant's agents, its bread and other bakery products, and he

in turn places the products on a truck and carries them to the various places of business of retail and wholesale merchants, and sells "wholesale and delivers the bakery products from the truck to such merchants as buy said products, and in making such sales the said Glenn acts as agent of the company, which has no place of business in said city."

The complainants, the said American Bakeries Company and the said Glenn, refused to pay the license tax. That for the failure of said Glenn to procure a license, as provided for in said ordinance, he was arrested and tried in the recorder's court in said city, and is threatened with further arrest unless the said parties comply with said ordinance by paying the license tax as prescribed in said ordinance.

It is insisted by the appellants, the American Bakeries Company and the said Carl Glenn, that the ordinance is "unconstitutional, illegal, void, arbitrary, discriminatory and confiscatory"; that it violates the first section of the Fourteenth Amendment to the Constitution of the United States, and, as to the complainant Glenn, it also violates article 4, section 2, of the same instrument; that it violates sections 1, 35, and 89 of the Constitution of the state of Alabama.

In our view of the ordinance, it neither offends the above referred to provisions of the Federal Constitution nor any of the provisions of sections 1, 35, and 89 of the Constitution of Alabama.

We have uniformly held that the power to tax for revenue is essentially an attribute of sovereignty, conferred by the people, through the Constitution, on the state, and is vested in the legislative department, which it may exercise within constitutional limitations without restraint or judicial supervision. "It is enough for the courts," observed Justice Brewer, in the City of Newton v. Atchison, 31 Kan. 151, 1 P. 288, 290, 47 Am.Rep. 486, 488, "that both occupation and property are legitimate objects of taxation; that they are essentially dissimilar; that constitutional provisions regulating the taxation of one do not control that of the other; and that there are no constitutional inhibitions on the taxation of business either by the legislature directly, or by municipal corporations thereto empowered by the legislature."

By section 2154 of the Code it is expressly declared that the power con-

ferred upon municipal corporations by the statute to license business, trades, and professions may be used in the exercise of the police power as well as for the purpose of raising revenue, one or both. The license fixed and levied may have a twofold purpose, as often announced by this court. State v. Kartus, 230 Ala. 352, 162 So. 533, 101 A.L.R. 1336; City Council of Montgomery v. Kelly, 142 Ala. 552, 38 So. 67, 70 L. R. A. 209, 110 Am.St.Rep. 43. But, of course, this power to tax, while inhering in the state, cannot be so used by the state nor by a municipal corporation so as to "embarrass and destroy useful and harmless occupations, that are essential to the prosperity of the people, and thus defeat the very purpose for which the power is conferred." Western Union Tel. Co. v. City of Decatur, 16 Ala. App. 679, 81 So. 199, 201; Id., 202 Ala. 593, 81 So. 205.

■ The provision of the ordinance in question applying to itinerant dealers is aimed and leveled at every person and every class who undertake to carry on the business of an itinerant dealer, trader, or seller of the products enumerated in the license schedule. In this respect there is no discrimination or inequality, but perfect equality and uniformity. Such being the case, we do not see that it conflicts in any way with the Federal Constitution. Dozier v. State, 154 Ala. 83, 46 So. 9, 129 Am.St.Rep. 51. "Equality and uniformity consist in the imposition of a like tax upon all who engage in the avocation, or who may exercise the privilege, taxed." Phœnix Carpet Co. v. State, 118 Ala. 143, 22 So. 627, 628, 72 Am.St.Rep. 143.

■ There is nothing in the ordinance imposing a license tax on itinerants (which comprehends citizens of this State as well as citizens of other states) which in the remotest degree abridges the privileges and immunities of citizens of other states in favor of any resident class. And we likewise fail to detect anything in the ordinance, in the respect under consideration, which tends to deprive any person of life, liberty, or property, without due process of law, or to deny to any person the equal protection of the law. We are not impressed that the ordinance is offensive to any provision of the Federal Constitution.

This court in the quite recent case of American Bakeries Co. v. City of Opelika, 229 Ala. 388, 157 So. 206, 208, speaking through Mr. Justice Gardner, held:

"It is well settled that a schedule of licenses may be prescribed for an itinerant person, firm, or corporation different from that prescribed for one having an established place of business within the municipality. 37 C.J. 227, 228; State v. Cater, 184 Iowa, 667, 169 N.W. 43, 46; Levy v. State, 161 Ind. 251, 68 N.E. 172; Mathison v. Brister, 166 Miss. 67, 145 So. 358; State v. Harrington, 68 Vt. 622, 35 A. 515, 34 L.R.A. 100; Dozier v. State, 154 Ala. 83, 46 So. 9, 129 Am.St.Rep. 51.

"Discussing such license, the Iowa court in State v. Cater, supra, said: 'The usual justification offered for the imposition of a license upon transient merchants is to insure proper contribution from such merchants for police protection and to protect local dealers against unfair competition by transient dealers who come and go so quickly as to escape their share of general taxation in the community, and it may be admitted that the reasons so advanced are sound and that reasonable license fees so exacted can well be upheld.'"

We are in full accord with the underlying principle stated in the Cater Case, supra, for recognizing the justification for the imposition of a license upon transient dealers.

■ We do not doubt in the least that courts in this state, when the question of the reasonableness of a statute or of an ordinance adopted pursuant to charter powers is brought in question, can and do exercise control over such statutes or ordinances. But it is recognized in this state that "the power to license an occupation or privilege implies the right to fix the amount of the fee, and the action of a municipal body in fixing a fee will only be disturbed, in case of manifest abuse of that power." City of Troy v. Western Union Tel. Co., 164 Ala. 482, 51 So. 523, 525, 27 L.R.A. (N. S.) 627; Schmidt v. City of Indianapolis, 168 Ind. 631, 80 N.E. 632, 14 L.R.A.(N.S.) 787, 120 Am.St.Rep. 385; Van Hook v. City of Selma, 70 Ala. 361, 45 Am.Rep. 85; Miller v. Mayor, etc., of Birmingham, 151 Ala. 469, 44 So. 388, 125 Am.St.Rep. 31; Mayor, etc., of Birmingham v. Goldstein, 151 Ala. 473, 44 So. 113, 12 L.R.A.(N.S.) 568, 125 Am.St.Rep. 33.

■ When attacked for unreasonableness, the courts, in view of the wide discretion vested in such legislative bodies, will indulge the presumption that their acts and ordinances are reasonable and valid, and the burden is upon the one who assails

616

such act or ordinance in this respect to overcome this presumption. City of Troy v. Western Union Tel. Co., supra; Van Hook v. City of Selma, supra; McQuillan Municipal Corporations, 731, 794; Western Union Tel. Co. v. City of Decatur, supra.

This court is also committed to the proposition that the reasonableness vel non of such a license tax, which the ordinance now under consideration attempts to impose on itinerant dealers, cannot be determined by the extent of the business of a single individual. For, as pointed out in a number of our decisions, there may be competition or negligence or other considerations affecting the business which cannot be legitimately charged to the taxing power. Western Union Tel. Co. v. City of Decatur, supra; Nashville, C. & St. L. Ry. Co. v. City of Attalla, 118 Ala. 362, 364, 24 So. 450; Nashville, C. & St. L. Ry. Co. v. Alabama City, 134 Ala. 414, 32 So. 731; City of Troy v. Western Union Tel. Co., supra.

The bill in this case, in so far as it undertakes to attack the ordinance, and the license imposed upon appellants thereunder, as being unreasonable or prohibitory in effect, is fatally defective in not averring the facts to support the conclusions of the pleader as to the unreasonableness of the ordinance in the several particulars here argued or in not averring sufficient facts to support the charge that the ordinance amounts to a prohibition against the appellants' carrying on their business of selling the foodstuffs in the city of Huntsville. Outside of mere naked averments of the conclusion of the pleader that the ordinance is unreasonable or prohibitory in effect, there is not a single averment of fact to support the conclusions and deductions charged in the bill. The bill, in the respect now discussed, was subject also to appellee's well-directed demurrer thereto. Standard Chemical & Oil Co. v. City of Troy, 201 Ala. 89, 77 So. 383, L. R. A. 1918C, 522; Western Union Tel. Co. v. City of Decatur, supra.

The provisions of the ordinance imposing a lesser license tax or fee against bakeries having a place of business regularly opened to the public in no wise discriminates against the appellants. Confessedly they do not fall within this latter class. They have no more just ground of complaint than has an ordinary itinerant dealer, who had paid his license to hawk his articles about the city, the right to complain that the city had imposed a different, and lesser license tax, upon a local merchant of the city, who sold and delivered his goods and wares to his customers throughout the city. The appellants do not fall within the class of bakers who have a plant within the city, but within the class termed itinerants. Within the purview of this ordinance, the appellants were and are itinerant dealers, and we so held in the case of American Bakeries Co. v. City of Opelika, supra.

There is no doubt about the competence of the municipality to impose the license tax upon the agent as well as the principal. Mathison v. Brister, 166 Miss. 67, 145 So. 358.

We are thus at the conclusion that the demurrer of the respondent city was sustained without error, and the decree of the circuit court is due to be, and is, affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.