In the Matter of the Application of JOSEPH FOREST, Petitioner, against WILLIAM FELLOWES MORGAN, JR., Commissioner of the Department of Public Markets, Weights and Measures of the City of New York, Defendant.*

Supreme Court, Special Term, New York County, March 28, 1938.

*Edwin A. LaCrosse*, for the petitioner.

*William C. Chanler, Corporation Counsel* [*Charles C. Weinstein* and *Francis J. Bloustein* of counsel], for the respondent.

* See, also, *New York Dugan Brothers, Inc.*, v. *City of New York* (169 Misc. 209).

SHIENTAG, J. The petitioner has been licensed since March, 1935, to sell pretzels from a permanent push cart stand, No. 503, located in a portion of the public highway set aside by the city as a market. For this license he paid a fee of one dollar a week to the city. He has been refused a renewal of his license because of an ordinance adopted on December 24, 1937, which forbids the peddling of bakers' products within 1,000 feet of any bakery. The ordinance in substance reads as follows: " Peddling of bakers' products within 1,000 feet of any bakery now or when established and doing business during the existence of this ordinance is hereby prohibited."

No hearing on the ordinance was held by the board of aldermen and no memorandum was handed down when it was approved. There is nothing in the papers before me to indicate what prompted the enactment of the measure. Nothing is submitted by the city to show what purpose the ordinance was intended to serve. Clearly it is not a health measure, nor is it calculated to promote safety on the public highways. All that can be gathered from the ordinance itself and from the record before me is that it was intended to eliminate some of the competition between bakery stores and those peddling bakery products.

It is unnecessary to pass on the question of constitutionality involved.

The term " peddler " is defined by the Oxford Dictionary as " one who goes about carrying small goods for sale (usually in a bundle or pack); a traveling chapman, or vendor of small wares." It is defined by the Century Dictionary as " one who travels about selling small wares which he carries with him; a traveling chapman; a hawker." The petitioner is not a peddler within the meaning of this ordinance. He is in effect a retailer, occupying a fixed permanent stand for which he pays the city a rental. The term " peddler " connotes an itinerant, moving or free to move from place to place. (*Collender* v. *Reardon,* 138 App. Div. 738; *Chicago Portrait Co.* v. *Mayor of City of Macon,* 147 Fed. 967, 969; *Dewitt* v. *State,* 155 Wis. 249; 144 N. W. 253; *Singleton* v. *State,* 14 Ga. App. 527; 81 S. E. 596.)

The technical objections raised by the respondent as to the form of petitioner's remedy and the manner of its pursuit are all without merit. Let the vendor of pretzels have his license.

Settle order.