

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL

ATTORNEY GENERAL

January 15, 1976

The Honorable John C. White          Opinion No. H-764
Commissioner of Agriculture
Texas Department of Agriculture      Re:  Whether persons who
P. O. Box 12847                      sell citrus fruit from
Austin, Texas    78711               door to door must be
                                     licensed under the Citrus
                                     Bonding and Licensing
                                     Act.

Dear Commissioner White:

     You have requested our opinion concerning an apparent
conflict between sections 22 and 4(b)(5) of article 118b,
V.T.C.S., The Citrus Fruit Growers Act.  Section 22 of the
Act provides in part:

          The provisions of this Act shall not
          apply to a retailer of citrus fruit. . . .

Section 4(b)(5), enacted by the 64th Legislature, provides:

          For a license as a 'dealer' who sells
          any citrus fruit from door to door or
          from temporary locations, the sum of
          One Dollar ($1).

     You have asked whether persons described in section
4(b)(5) are "retailer[s]" within the meaning of section 22
and if so which provision prevails.  The word "retailer" is
not defined in the Act.  However, we need not fully explore
the scope of the meaning of "retailer" for in our view even
were these vendors within the normal definition of "retailer,"
the new section 4(b)(5) clearly removes them from the scope
of that term as used in section 22.

It is well established that in the case of conflict between statutory provisions the later enacted and more specific provisions must control.  53 Tex.Jur. 2d, Statutes, §§ 100, 101, 143, 161, 187, and authorities cited therein. Since section 4(b)(5) is both the later enacted and more specific provision, it must control.  Accordingly, it is our opinion that persons who sell citrus fruit door to door or from a temporary location are not "retailer[s]" within the exemption contained in section 22.  See Paul v. Eggman, 53 Cal. Rptr. 237 (Cal. Ct. App. 1966); Forest v. Morgan, 7 N.Y.S. 2d 988 (Sup. Ct. N.Y. 1938).

### S U M M A R Y

Section 4(b)(5) of article 118b prevails over section 22 of the same article. Thus, persons who sell citrus fruit door to door or from temporary locations are not within the exemption granted to "retailer[s]" in section 22.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb