[Moog v. Hannon's Adm'r.

# Moog *v.* Hannon's Adm'r.

*Action on Common Counts, for Goods Sold and Delivered.*

1. *Sale of liquor by wholesale dealer, without license.*—A sale of liquor · on the 12th January, 1885, by a wholesale dealer who had not taken. out a revenue l'cense, being void under the statutes then in force (Code of 1876, §§ 490, 494, subd. 3), an action does not lie to recover · the price; nor can any validity be imparted to the contract by a subsequent ratification, express or implied, as by a part payment of. the price.

APPEAL from the Circuit Court of Mobile. ·
Tried before the Hon. WM. E. CLARKE.

WM. E. RICHARDSON, for appellant, cited *McIntyre v. State*,. 55 Ala. 167; *Armstrong v. Burford*, 51 Ala. 410; Benjamin on Sales, 404; Tied. Sales, § 306; *Smith v. Mawhood*, 14 Mees. & W. 452; *Johnson v. Hudson*, 11 East, 180; *Hill v. Smith*,. Morris, Iowa, 75; *Brown v. Duncan*, 10 B. & C. 93; 15 Nev. 136; 17 Nev. 87; *Armstrong v. Toler*, 11 Wheat. 260; 3 B. & Ad. 222; 3 Mo. Ap. 463; 20 Barb. 429; 92 Penn. St. 393 ;. 14 Ohio, 331; 17 B. Monroe, 245; 46 Iowa, 302; 17 Howard,. 236; *Rasberry v. Pulliam*, 78 Ala. 191; 16 Mass. 94; 5 Hill, N. Y. 491; 13 Penn. 13; 17 Barb. 378.

OVERALL & BESTOR, *contra*, cited *Shippy v. Eastwood*, 9 Ala. 198; *Butler v. Lee*, 11 Ala. 885; *Pettit v. Pettit*, 32 Ala. 288; *McGehee v. Lindsey*, 6 Ala. 16; *Gunter v. Leckey*, 30 Ala. 589; *Milton v. Haden*, 32 Ala. 30.

COLEMAN, J.—Plaintiff's suit was upon an account for · goods sold to defendant's intestate on the 12th day of January, 1885. After pleading the general issue, and other pleas,.

| 93 | 503 |
|-----|-----|
| 95 | 527 |
| 93 | 503 |
| 125 | 383 |
| 93 | 503 |
| 126 | 403 |
| 93 | 503 |
| 132 | 242 |
| 93 | 503 |
| 138 | 244 |

for a further plea the defendant answered, that the consideration of the claim was three barrels of whiskey sold to defendant's intestate by plaintiff's assignor, B. Moog, who was at the time of the sale engaged in the business of wholesale dealer in liquors, and did not have a license to sell liquors either as a wholesale or retail dealer in liquor, and that the sale or contract was void.

The plaintiff demurred to this plea, upon the grounds that the complaint averred that the sale was made on the 12th day of January, and by law he was allowed to the 15th day of January to take out his license. The demurrer was overruled, and plaintiff replied to the plea, setting up the same facts raised by the demurrer. For a further replication, the plaintiff replied, that B. Moog, the vendor, intended to take out a license as a wholesale dealer in liquors, but before the 15th day of January his entire stock of goods was levied upon by attaching creditors, which destroyed his business, and prevented him from getting his license. The defendant's demurrer to these replications having been sustained, the plaintiff declined to plead further, and the court rendered judgment for the defendant.

The sale of liquor, if the facts stated in defendant's plea were true, and which both the demurrer and plaintiff's replication admit to be true, was prohibited by statute.—Code of 1876, §§ 490, 494, subd. 3.

In *Shippey v. Eastwood*, 9 Ala. 200, it was declared, that "it has been repeatedly determined that a penalty inflicted by statute upon an offense implies a prohibition, and a contract relating to it is void, although the statute may not expressly declare the contract to be void." And in *McGhee v. Lindsay*, 6 Ala. 16, the court held: "It is not necessary that a statute should impose a penalty for doing or omitting to do something, in order to make a contract void which is opposed to its operation." In *Woods v. Armstrong*, 54 Ala. 152, these authorities are quoted with approval, and it was declared that the principles enumerated were founded on the soundest principles of morality and public policy, and their enforcement was necessary to maintain the supremacy of the law and the dignity of the State. The same principle is reaffirmed in *Robertson v. Hays*, 83 Ala. 291. See 3 Brick. Dig., p. 145, §§ 58-61.

Section 4274, Code of 1876, now section 3892 of the Code of 1886, which provides that any person who, after the 15th day of January in any year, engages in or carries on any business for which a license is required, without having taken out such license, must, on conviction, be fined three times the amount of the State license, does not authorize the engaging

[H. A. & B. R. R. Co. v. B. U. Railway Co.]

in such business prior to the 15th day of January without a
license.   Sections 490, 494, *supra*, declare it to be unlawful to
engage in such business without a license at any time.   It is
only when the business is engaged in after the 15th day of
January without a license, that the penalty is fixed at three
times the amount of the license.

Contracts which are void, because in violation of a statute,
or against·public policy, can not be ratified or confirmed by
subsequent acts or agreement of the parties.—*Shippey v. East-
wood*, 9 Ala. 198; *Butler v. Lee*, 11 Ala. 885; *Pettit v. Pettit*,
32 Ala. 288.   The defendant's special pleas presented a com-
plete defense to the cause of action.   There was no merit in
the replication, which was intended to set up a ratification of
the illegal contract.

Affirmed.