[Western Union Telegraph Company v. Young.]

# Western Union Telegraph Company v. Young.

*Action against Telegraph Company for Failure to transmit and deliver Message.*

1. *Telegraph company; not liable for failure to transmit and deliver unstamped message.*—While the Act of Congress entitled "An act to provide ways and means to meet war expeditures and for other purposes" was in operation, which prohibited, by express words, a telegraph company from transmitting a telegraph message which did not have upon it a revenue stamp, as required by said act,' a telegraph company can not be held liable for failure to transmit and deliver a message which was not so stamped.

2. *Same; same; sufficiency of replication.*—In an action against a telegraph company for failure to transmit and deliver a telegram, where the defendant by special plea sets up that the message as delivered to it did not have on it a revenue stamp as required by Act of Congress, approved June 13th, 1898, entitled "An act to provide ways and means to meet war expenditures and for other purposes," a replication which avers "that the defendant received said telegram when the same was presented to it for transmission, and undertook and agreed to transmit said message," is not a sufficient answer to the defense presented by said special plea. HARALSON and SHARPE, JJ., *dissenting.*

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHARLES A. SENN.

This was an action brought by the appellee, J. A. Young, against the Western Union Telegraph Company to recover damages alleged to have been suffered by the plaintiff by reason of the alleged negligent failure of the defendant to transmit and deliver a telegraphic dispatch sent or forwarded the plaintiff by his agent, F. M. Drennen, announcing the serious illness of the plaintiff's father. The defendant pleaded the general issue and by special pleas 5 and 6, set up the fact that the

[Western Union Telegraph Company v. Young.]

telegram alleged to have been given to the defendant for transmission and delivery did not have upon its face or elsewhere an internal revenue stamp which was required by the Act of Congress approved June 13, 1898, entitled "An act to provide ways and means to meet war expenditures and for other purposes," and that, therefore, the same was void and of no effect, and that no suit could be founded upon it for the negligent failure to promptly transmit such message.

To special pleas 5 and 6 the plaintiff filed several replications, the first of which is copied in the opinion. To replication number one, the defendants demurred, assigning in various ways that Congress forbade defendant transmitting an unstamped telegraph message and that the pretended contract attempted to be made, for the transmission of such unstamped message, was void and imposed no duty upon the defendant to transmit such message. This demurrer was overruled. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiff, assessing his damages at $750. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

GEORGE H. FEARONS and WALKER, TILLMAN, CAMPBELL & MORROW, for appellants.—The replication filed by the plaintiff to defendant's special pleas setting up the failure of the plaintiff to affix a stamp upon the message delivered to the defendant for transmission, presented no answer to said pleas. If the message was not stamped, defendant's agreement to send it was in violation of the statute, and was, therefore, void and not binding at law.—*Youngblood v. Birmingham T. & S. Co.*, 95 Ala. 526. Therefore, the agreement averred in the replication was that the defendant would violate the law, and such an agreement can not be made the basis of an action for damages.—*Kirk v. W. U. T. Co.*, 90 Fed. Rep. 809; *Youngblood v. Bir. T. & S. Co.*, 95 Ala. 526; *Moog v. Hannon*, 93 Ala. 503; *Shippey's Case*, 9 Ala. 200.

16

Z. T. RUDULPH and WILLIAM T. HILL, *contra.—A*
mere failure to attach the stamp required to the tele-
gram would not according to the decisions make the
same inadmissible as evidence or an illegal contract
without some proof that such omission was not only in-
advertently done, but that the same must have been done
and omitted with an intention or design to evade the rev-
enue act in failing to place the stamp required.—*Knox
v. Grovanni Rossi,* 48 L. R. A. 305; *Whigham v. Pickett,*
43 Ala. 140; *Perryman v. City of Greenville,* 51 Ala.
507; *Bibb & Faulkner v. Bands,* 57 Ala. 509.

TYSON, J.—The complaint contains five counts. The
first and second count on defendant's failure to use
proper diligence in delivering the telegraphic message;
the third and fourth on defendant's failure to use reas-
onable diligence in transmitting the message, and the
fifth upon the wanton or intentional failure to transmit
it. The contract for the transmission and delivery of
the message was, it is averred in each of the counts,
made with defendant by one Drennen as plaintiff's
agent.

A demurrer to each count of the complaint was inter-
posed assigning a number of grounds, which was over-
ruled. Only one of these grounds is insisted upon here.
It is, that it does not appear that the telegram alleged
to have been offered to the defendant for transmission
and delivery had upon its face or elsewhere the internal
revenue stamp required by the act of Congress approved
June 13, 1898, entitled "An act to provide ways and
means to meet war expenditures, and for other pur-
poses." Whether this defense can be raised in this way
we need not decide, since substantially the same defense
was interposed by special pleas. To these pleas, special
replications were filed, to which a demurrer was inter-
posed and overruled. The first of these is in this lan-
guage: "Plaintiff for replication to defendant's pleas
5 and 6 says, that the defendant received said telegram
when same was presented to it for transmission and un-
dertook and agreed to transmit said message to Fayette-
ville, Alabama."

The act of Congress imposed the duty on the sender of every telegraphic message or dispatch to put a stamp upon it before issuing it, and the failure to do so was a misdemeanor. So likewise it expressly prohibited any telegraph company or its agent or employe from transmitting any message without an adhesive stamp being affixed to a copy thereof or having the same stamped thereon, and in default thereof a penalty of ten dollars is imposed.—30 U. S. Stat. at Large, §§ 7, 18, p. 452; *Kirk v. Western Union Tel. Co.,* 90 Fed. Rep. 809; *Western Union Tel. Co. v. Henley,* 157 Ind. 90.

In *Youngblood v. Birmingham Trust & Savings Co.,* 95 Ala. 526, it is said: "The doctrine is nowhere more firmly established than in Alabama, that no rights can spring from or be rested upon an act in the performance of which a criminal penalty is incurred, and that all contracts which are made in violation of a penal statute, are as absolutely void as if the law had in so many words declared that they should be so."

In *McGehee v. Lindsay,* 6 Ala. 16, the court held: "It is not necessary that a statute should impose a penalty for doing or omitting to do something in order to make a contract void which is opposed to its operation."

It is sufficient if the law prohibits the doing of the act and when it does, the court being organized under the law and required to administer it, cannot enforce any supposed rights predicated upon a prohibited act or the omission to perform an act that is prohibited.—15 Am. & Eng. Ency. Law (2d. ed.), 941; *Woods v. Armstrong,* 54 Ala. 150; *Robertson v. Hayes,* 83 Ala. 290.

The defendant being prohibited by the express words of the statute from transmitting the message without its being stamped, it was under no obligation to do so. It cannot be forced to violate the law, nor can its act of violation, if it attempted to transmit and deliver the message without the requisite stamp, be made the predicate for a liability for its negligent failure to transmit and deliver or for its intentional and wanton failure to transmit it. This is obvious for the reason that it was under no duty to transmit the message at all. It could make no binding contract to transmit and deliver in violation of the statute, and since the duty to do so

arose out of a contract express or implied, a contract to violate the statute would be void. To hold otherwise, would not only sanction an illegal undertaking, but actually to enforce the breach of a contract, the performance of which involved a distinct and positive violation of the law.

In this case, under the pleading, both the plaintiff's agent and the defendant violated the statute—the one in not affixing the stamp before issuing the message, and the other in transmitting it to Fayette without the stamp. If there was an agreement by defendant to transmit the message without the required stamp, as we have said, that agreement is void and it could not by subsequent acts or agreement ratify or confirm it.— *Moog v. Hannon,* 93 Ala. 503; *Shippey v. Eastwood,* 9 Ala. 198. Nor can validity be injected into an illegal contract or act by way of estoppel, or the defense of illegality be held to have been waived.—15 Am. & Eng. Ency. Law (2d ed.), pp. 1014, 1015.

The subsequent repeal of the act of June 13, 1898, did not validate the contract.—*Pacific Guano Co. v. Dawkins,* 57 Ala. 115; *Woods v. Armstrong, supra; Mays v. Williams,* 27 Ala. 267.

What we have said will suffice for another trial without reviewing in detail the many assignments of error based upon the admission and exclusion of evidence, and the refusal of written charges requested by defendant.

Reversed and remanded.

SHARPE, J., *dissenting.*—Replication 1 to pleas 5 and 6 is good. It sets up an agreement, not that defendant should transmit the message without stamping the copy, but that it should transmit the message—an agreement which the defendant might lawfully have carried out, by affixing and cancelling the required stamp itself, and then sending the message. This, the agreement, if made as alleged, bound the defendant to do.

HARALSON, J., concurs in the dissenting opinion.