# Bluthenthal & Bickart *v.* City of Columbia.

## *Assumpsit.*

(Decided February 8, 1912. 57 South. 814.)

1. *Bills and Notes; Bona Fide Purchaser.*—A purchaser of negotiable paper, in due course, before maturity, without notice of defects, for value, is a bona fide holder, and takes such paper free from defenses available between the original parties.

2. *Same; Illegal Notes.*—A note which is expressly made illegal and void by statute is void in the hands of even otherwise bona fide holders without notice of illegality; but if the statute merely, expressly or impliedly makes the consideration illegal, the note will be valid in the hands of a bona fide purchaser without notice, though the burden is upon the purchaser to show that he is a bona fide holder.

3. *Same.*—Where a corporation purchased from a firm composed of persons who afterwards became stockholders and officers of the corporation, a negotiable note executed by a municipality for liquors purchased for a dispensary, which note was illegal in the hands of the firm because executed in violation of the dispensary law, the corporation is not a bona fide holder without notice, knowledge of the partners being imputed to the corporation.

4. *Pleading; Demurrers; Admission.*—A demurrer to a rejoinder admits the facts therein alleged.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Bluthenthal & Bickart against the city of Columbia upon certain promissory notes. Judgment for defendant and plaintiff appeals. Affirmed.

[Bluthenthal & Bickart v. City of Columbia.]

ESPY & FARMER, for appellant. The note was a commercial paper.—Acts 1909, p. 154. Cities have power to borrow money and make notes.—Sec. 1409. Power to borrow carries with it the power to issue the usual evidence of indebtedness.—*Lytle v. Bank,* 121 Ala. 215; 138 U. S. 1609. A town is equally bound by its contract as an individual.—*State ex rel. v. Cobb,* 64 Ala. 127; 98 Am. Dec. 646; 64 Am. Dec. 423. The city is answerable to an innocent holder for value without notice of its commercial paper.—31 Am. Dec. 699; 86 U. S. 171. The fact that Bluthenthal & Bickart as individuals knew of the infirmities in the notes, was not notice to the corporation.—10 Cyc. 1063; 1 Morse on Banks, 109; 122 Mo. 332; *Aycock v. First Nat. Bank,* 45 South. 501.

W. L. LEE, for appellee. The note was given for a sale on credit and was void.—*Bluthenthal & Bickart v. Headland,* 132 Ala. 252; *Allen v. LaFayette,* 89 Ala. 641; *Austin v. Town of Cottonwood* in MSS. The corporation was without express authority to execute the note and has not an incidental or implied power.— *Blackburn v. Lehman,* 63 Ala. 541; *R. R. Co. v. Dunn,* 51 Ala. 128. The note was void ab initio, and hence, was void in the hands of an otherwise bona fide holder. —*Brown v. Bank,* 103 Ala. 123; Daniel Negotiable Instruments, secs. 1, 769a. The corporation was chargeable with notice.—*Goodbar v. Daniels,* 88 Ala. 590; *Hall, et al. v. Haley Company,* 56 South. 726.

MAYFIELD, J.—Appellants, a private corporation, sued appellee, a municipal corporation, on a bond or note executed by the municipality to the appellants, on July 29, 1907, due one year thereafter. To the complaint the defendant filed a plea alleging that at the

time the note sued on was executed, appellant corporation was a partnership composed of Aaron Bluthenthal and Monroe Bickart; that defendant was a municipal corporation, carrying on a dispensary under a general law known as the Moody dispensary law; that the appellants as such partnership attempted to sell to the defendant a lot of spirituous, vinous, and malt liquors, on credit, in express violation of the dispensary law; that the consideration of the note sued upon was the liquor thus sold to the municipal corporation in violation of the statute; that, the consideration of said note being illegal, the note itself was void; and that the plaintiff was not entitled to recover thereon in this action. To this plea the plaintiff corporation filed a replication, alleging that the note sued on was negotiable, and that the partnership sold and assigned it to the plaintiff corporation before maturity and for value. To this replication the defendant filed a rejoinder to the effect that said Bluthenthal and Bickart, who composed the partnership which sold and assigned the note to the corporation, were both stockholders, officers, and managers of the corporation to which the note was so sold and assigned, and that they, as partners and as officers and managers of the plaintiff corporation to which the note was sold and assigned, had full knowledge of all the facts set forth in the plea showing the note to be illegal and void, at the time it was so transferred and assigned to the plaintiff corporation. To this rejoinder the plaintiff demurred, and, its demurrer being overruled, it declined to plead further, and suffered judgment, from which judgment this appeal is prosecuted.

A contract very similar to the one forming the original consideration for this note was considered by this court in the case of *Bluthenthal & Bickart v. Headland,*

132 Ala. 252, 31 South. 87, 90 Am. St. Rep. 904. In that case it was ruled that the sale of liquors, upon credit instead of for cash, to a dispensary, for the town of Headland, was in violation of the statute providing for the establishment and maintenance of dispensaries, and such sale was therefore illegal and void, and that no cause of action could arise from such contract, nor would assumpsit lie upon an implied contract, though the city received and enjoyed the benefit of the goods sold. The correctness of that decision is not assailed on this appeal, but the case is attempted to be distinguished upon the theory that this is an action upon a negotiable note by a bona fide purchaser for value, without notice of the illegal consideration upon which it was founded. The rejoinder, however, alleged that the plaintiff corporation, through its officers and managers, had notice of the illegal consideration before, and at the time, it became the purchaser and transferee of said note, and that it was therefore chargeable with notice, and liable to all defenses available against the note in the hands of the original payee.

We are of the opinion that the rulings of the trial court in this case must be sustained, for several reasons, some of which we will now proceed to state.

It is true, as contended by appellant, that a purchaser of a negotiable paper in due course of business, before maturity and without notice of defenses that existed between the original parties, or that had subsequently arisen, is a bona fide holder for value, and as such takes the instrument free from defenses which were available between such original parties.—*Brown v. Bank,* 103 Ala. 123, 126, 15 South. 435. In the hands of such a holder such an instrument is discharged of all legal and equitable defenses to which it may have been subjected before it came into such bona fide hands. This

has been repeatedly held by this court to be true, even when the note was put into circulation by fraud, or was based upon an illegal consideration.

Mr. Randolph, in his work on Commercial Paper, and Mr. Daniel, in his work on Negotiable Instruments, both say that such a paper is in some respects like the currency of the country, a circulating credit, and that before maturity the genuineness of the obligation and the solvency of the parties are the sole matters to be considered in determining its value, and that such a paper has been aptly called a courier without luggage, which carries on its face its own history, and that the policy of the law requires that it shall tell its own history, and have effect in the hands of innocent holders for value according to what appears on its face.—Daniel, Neg. Instr. § 1, 169a; Randolph, Com. Pap. § 14; *Brown v. Bank,* 103 Ala. 123-127, 15 *South.* 435.

There are, however, a few exceptions to this rule, one of which is where a statute creates the prohibition which makes the note illegal, and thus makes it absolutely void in the hands of every holder, whether he has had such notice or not. Among such statutes, says Story, seem to be those against gaming and usury in England and in some of the American states.—Story, Prom. Notes, § 192, p. 151. Mr. Daniel (Neg. Instr. § 197) asserts the same doctrine; and in substance says (section 198) that if a statute merely declares, expressly or by implication, that the consideration shall be deemed illegal, the bill or note founded upon such consideration will be valid in the hands of a bona fide holder without notice, but that the burden of proof will be upon such party to show that he is a bona fide holder without notice. He further says (section 199) that where a statute declares that all payments made for spirituous liquors sold contrary to law "should be held and con-

sidered to have been received in violation of law, without consideration, and against law, equity, and good conscience," it was held that a bill given for liquors so sold was valid in the hands of a bona fide holder without notice. As stated by these authorities, and as often repeated by this court, courts will not lend their aid to carry into effect contracts entered into by parties with a view of accomplishing anything which is prohibited by law; but it is equally well settled that if the consideration of a negotiable paper is against law, yet it cannot be avoided on that account in the hands of a bona fide holder who is not a party nor privy to the illegality of the consideration, subject, however, to the exceptions before noted.

The law upon this subject has been well stated by Chief Justice Shaw, in the case of *Cazet v. Field,* 9 Gray (ass.) 330, where he decided that as a rule a party cannot recover who is in the wrong himself, nor give a better title than he himself holds. But the law goes further in favor of commerce, and gives a high degree of character and honor to bills of exchange and negotiable promissory notes in the hands of indorsees without actual or constructive notice of anything affecting their validity or credit. If indorsees take such paper when overdue, this should put them on inquiry as to why it had not been paid at maturity; and such papers must always be taken in the ordinary course of business, and not in unusual circumstances. He further says, in the same case, that the general rule with regard to commercial paper founded on illegal consideration must be taken with some exceptions, and affirms what Daniel and Story said with regard to the provisions of some statutes against usury and gaming made notes, given in violation of the statute. In those cases the statute usually declares that notes will be abso-

lutely null and void to all intents and purposes, or, as it is sometimes said, it is applied to the contract, and not to the party.

It is unnecessary to decide whether or not the municipal corporation in this cause could issue a negotiable paper, under the view we take of the whole case. Counsel for appellant insists that the Municipal Code authorized the municipality to issue negotiable paper. This, we do not decide, for two reasons: (1) Because it is not necessary to a decision of this case; and (2) because the Municipal Code had not been adopted, nor the statute passed upon which its codification was based, when the action in question was instituted.

Moreover, if the facts alleged in the rejoinder be true —and on demurrer they must be so considered—the plaintiff corporation had notice of the illegality of the contract and consideration upon which the note in question was founded; and it was therefore not a bona fide purchaser for value without notice.

It is insisted by the appellant, however, that knowledge of the defense to the note which was acquired by Bluthenthal & Bickart before they became stockholders or officers and managers of the plaintiff corporation was not knowledge or notice to the corporation of such defense. This question was fully considered and discussed in a recent opinion in the case of *Hall & Brown Co. v. Haley Co.,* 174 Ala. 199; 56 South. 726, in which the authorities are fully reviewed.

The rejoinder in the case brings the plaintiff corporation fully within the rule declared by this court in *Lea v. Mercantile Co.,* 147 Ala. 421, 42 South. 415, 8 L. R. A. (N. S.) 279, 119 Am. St. Rep. 93, and within the rule declared in *Goodbar, White & Co. v. Daniel,* 88 Ala. 590, 7 South. 254, 16 Am. St. Rep. 76, which is

clearly pointed out in the opinion by SOMERVILLE, J.,. in the *Hall-Brown-Haley Case, supra.*

If the facts set up in the rejoinder be true, notice to the plaintiff corporation of this defense would have had to be communicated to it through Bluthenthal & Bickart; and certainly no rule of law would require a person to be notified of that of which he already has notice, and which would impart to him no information.

We, therefore, conclude that the trial court properly overruled the demurrer to the rejoinder, and the judgment appealed from must be affirmed.

Affirmed. All the Justices concur.