# Citizens Nat. Bank *v.* Buckheit.

### Assumpsit.

(Decided January 11, 1916.   Rehearing denied February 1, 1916.
71 South. 82.)

1. **Corporations; Foreign; Contracts; Validity.**—Section 232, Constitution 1901, and §§ 3642, 3644, 3645-49, 3653, 6628 and 6629, Code 1907, have no extra territorial operation, and do not render void in their inception contracts made outside the state by foreign corporations, although such contracts are to be performed within the state.

2. **Same; Enforcement.**—Where the contract of a foreign corporation is made outside the state, but is to be performed within the state, and to perform such contract such foreign corporation must engage in business within the state, the courts of the state will refuse their aid to such foreign corporation in enforcing the contract, or recovering the benefits thereof where such foreign corporation has not complied with the statutory and constitutional requirements.

3. **Commerce; Foreign Corporations; Interstate.**—Under § 6350, Code 1907, providing that the provisions relating to foreign corporations shall not apply to corporations doing only an interstate business within this state, those provisions cannot be construed to prevent such corporations from suing in the courts of this state to enforce valid contracts without first complying with the statutory requirements.

4. **Corporations; Foreign; Right to do Business.**—Any contract entered into within this state by a foreign corporation not authorized to transact business therein, is contrary to the public policy of the state, and gives the corporation no right that the state courts will recognize or enforce at its instance.

5. **Bills and Notes; Innocent Purchasers; Defenses.**—If the statute declares void a contract entered into in violation of the statute, the contract is void in the hands of a bona fide purchaser in due course; but if the statute does not declare it to be void, and it is subject to the law merchant, it will be enforced in the hands of an innocent purchaser for value in due course and without notice.

6. **Corporations; Foreign; Contract.**—A contract by a corporation not declared void by the statute though entered into within the state in violation of the Constitution and the statute, will be enforced against such foreign corporation in favor of the other party not involved in the guilt of the transaction.

7. **Bills and Notes; Foreign Corporation; Contract.**—A contract made by a foreign corporation which has not complied with the constitutional and statutory requirements for doing business in this state, if negotiable and in the hands of an innocent purchaser, will be enforced, and a replication alleging that plaintiff is a bona fide purchaser of the notes is good as against pleas alleging the failure of the corporation payee, a foreign corporation, to comply with the statutes.

8. **Same.**—A plea alleging that the notes sued on were executed and delivered to the agent of a foreign corporation within the state, and that the

[Citizens Nat. Bank v. Buckheit.]

transaction occurred in the state, where, under a contract between the maker of the note and the agent of the foreign corporation, such agent assembled and installed a machine, when construed against the pleader, does not show that the foreign corporation had transacted business within the state.

9. Corporation; Foreign; Transacting Business.—Where a machine was ordered through the agent of a foreign corporation, the order sent to the home office, and the machine built there and shipped into the state and delivered to the buyer, and the buyer executed and delivered to the agent with-in the state notes for the purchase price, the forign corporation could not be said to have transacted business within the state.

10. Bills and Notes; Negotiability; Retaining Title.—An instrument payable to order and possessing the characteristics of negotiability is not deprived of negotiability because it retains title to property sold and described therein as security for its payment.

11. Same; Plea Denying.—A plea which embodies a copy of a note showing it to be negotiable coupled with an allegation that the note sued on is not a commercial, negotiable paper, is subject to demurrer.

12. Corporation; Foreign; Doing Business; "Assemble."—A plea alleging that a bottling machine sold by a foreign corporation was to be assembled within the state is not sustained by proof that some slats belonging to it, and the door of the drum were packed in the drum, and were unpacked and put in place by the agent of the foreign corporation, as the word "assemble," when applied to a machine means to collect or gather together the parts and place them in their proper relation to each other to constitute the machine.

13. Same.—Where an order for a machine was given to the soliciting agent of a foreign corporation, and was sent to the corporation and a machine was constructed at the home office out of this state, and shipped to the buyer in this state, and there unpacked and parts put together by the agent who then gave instructions as to its operation, and accepted notes for the purchase price, such transaction was interstate commerce, and not the doing of business within the state by the foreign corporation.

14. Bills and Notes; Bona Fide Purchaser; Foreign Corporation; Subsequent Acts.—The fact that subsequent to the receiving of the note sued on in the hands of a bona fide purchaser and given in an interstate transaction, the corporation transacted business within the state in relation to the machine sold could not have the effect to destroy the right of the holder of the note.

15. Charge of Court; Invading Jury's Province.—Where there was evidence that defendant had signed a written order for a machine for which the notes sued on were given, and that the order had been lost, and secondary evidence was admitted as to its contents, and the evidence for defendant tended to show that he did not sign the order, although he did not positively deny doing so, a charge asserting that if defendant entered into a written contract for the purchase of the machinery, the verdict should be for plaintiff, invaded the province of the jury in determining the contents of the order, conceding that it was signed.

16. Bills and Notes; Bona Fide Purchaser; Banks.—A bank which discounts a note and deposits the proceeds to the account of the payee cannot claim protection as a purchaser for value unless such funds are absorbed by an antecedent indebtedness or are exhausted with withdrawals; it not being sufficient that a material portion thereof had been checked out.

[Citizens Nat. Bank v. Buckheit.]

**17. Charge of Court; Abstract.**—Where the evidence both for plaintiff and defendant showed that the contract stipulated that the machine should do satisfactory work, a charge predicating a verdict for plaintiff on a finding that the contract contained no agreement to make the machine work in a satisfactory manner, was abstract.

**18. Same; Assuming Issues.**—A charge asserting that the burden was on defendant to show that plaintiff had knowledge of his defenses assumes that plaintiff was a purchaser for value, and was erroneous.

**19. Bills and Notes; Bona Fide Purchase; Burden.**—The transferee of a note need not aver in his complaint that he purchased for value without notice in due course, but if he makes the averment, he assumes the burden of proving that issue.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Assumpsit by the Citizens' National Bank against G. F. Buckheit. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The complaint alleges that the four notes were made payable to the Lipps Bottle Washer Company, Chattanooga, Tenn., and that before maturity of each of said notes plaintiff became the owner of same for a valuable consideration, and is now the holder and owner of said notes. The complaint was afterwards amended by adding separate counts declaring on each of the four notes.

The pleas of defendant are as follows:

Plea 2. That at the time of giving said note, payee was a corporation domiciled and located in the state of Tennessee; that said notes were executed in the state of Alabama, and handed to one Downs, the agent and officer of the payee corporation; that the said bottle washer, for which the notes sued on were given, and to which payee had title, was then in the state of Alabama; and that the transaction occurred in the state of Alabama, where, under the contract between the parties, the machine was assembled and installed in New Decatur, Ala., by payee's president Downs, and was to be a part of defendant's bottling plant.

Paragraph 2. And defendant avers that at the time of said transaction herein set forth the said payee did not have in the state of Alabama at least one known place of business, that it had not at that time filed with the Secretary of the State of Alabama a certified copy of its articles of incorporation.

Plea 3. After adopting all of paragraph 1 of plea 2, it avers that, at the time of the transaction referred to, said payee corporation had not filed in the state of Alabama in the office of the

Secretary of State, any instrument in writing, under the seal of the corporation, and signed officially by the president and secretary thereof, designating at least one known place of business in the state of Alabama, and an authorized agent or agents thereat. Plea 4, after adopting all of paragraph 1 of plea 2, avers that the payee corporation had not at that time procured a permit to do business in the state of Alabama.

Plea 5, after setting out paragraph 1 of plea 2, avers that the said transactions were conducted in the state of Alabama by the payee corporation, through one Downs, its agent, who prepared the notes, brought them to defendant's place of business, had defendant sign them, and delivered them back to said Downs, and set up and installed or overhauled said bottle washer, and at the time of the performance of these acts the payee corporation had not a designated or known place of business in this state, and an authorized agent.

Pleas 6 and 7 set up the guaranty and warranty, and the failure of the machine to come up thereto, that the machine was worthless, and not what it was represented to be, and not capable of effective and satisfactory operation, and that after testing the machine thoroughly and finding it would not work, and that it was worthless, offered to return same to the Lipps Bottle Washer Company, but that they refused to accept it, and it was now at defendant's plant ready to be returned.

Replication 2 is as follows: That the notes sued upon were acquired by plaintiff as owner, for a valuable consideration and before maturity. That at the time the notes were complete and regular on their face, and plaintiff took them in good faith for value. That at the time said notes were negotiated to plaintiff, plaintiff had no notice of any infirmity in the notes or defects in the title, if any defect there was, of the Lipps Bottle Washer Company, the payee of said note, in whose hands they were at that time, and had no knowledge or notice of any defense that defendant has to said notes, if any he has. And plaintiff avers that it became a holder in due course of the notes sued on.

The following charges were refused to defendant:

1. Affirmative charge.

2. That in reaching your verdict in this case you are not to consider any evidence as to what the contract was between Lipps Bottle Washer Company, and defendant.

3. I charge you that plaintiff is an innocent purchaser of the note sued on, and your verdict should be for plaintiff.

5. I charge you that defendant has not proven his pleas Nos. 6, 7, and 8, as amended, filed in this case.

8. I charge you that defendant cannot defeat a recovery in. this case by plea 2 .filed by defendant herein.

9. I charge you that defendant cannot defeat a recovery in this case by virtue of pleas 3, 4, and 5 filed by him in this case.

10. If you are reasonably convinced from the evidence that Buckheit entered into a written contract for the purchase of the bottling machinery, your verdict should be for plaintiff.

11. If you are reasonably satisfied from the evidence that defendant Buckheit, either for himself or by another for him, and with his consent, entered into a written contract to purchase the bottling machine from the Lipps Bottle Washer Company, .and if you are not reasonably satisfied from. the evidence that said written contract so made contained a stipulation that said Lipps Bottle Washer Company was to do something more than to deliver the machine to defendant at his plant in New Decatur, Ala., your verdict should be for plaintiff; provided you are reasonably satisfied from the evidence that plaintiff discounted the notes sued on before maturity, in good faith, and that plaintiff gave a reasonable consideration therefor by crediting the account of the Lipps Bottle Washer Company with the face value of said notes, less the discount, if they were discounted, provided you find that the Lipps Bottle Washer Company afterwards checked out of plaintiff's bank the entire amount of said credits, or a material portion thereof; and provided further you find plaintiff by its officers or agents had no notice or knowledge of any defect, if any, in the title of the Lipps Bottle Washer Company, in the notes sued on, and no knowledge or notice of any defense defendant had to said notes at or before the time plaintiff acquired them.

12. If you believe the evidence, plaintiff is an innocent purchaser of the notes sued on for value, before maturity, and without knowledge or notice of any defect in the title of the Lipps Bottle Washer Company thereto, if there was any defect in its title to them, and without knowledge or notice of any defect that defendant had, if any, to said note.

13. If you are reasonably satisfied from the evidence that defendant entered into a written agreement with said Lipps Bottle Washer Company for the purchase of the machine, and that said written agreement, if made, contained no provision for

the erection of said machine, and agreement to make it work in a satisfactory manner; then your verdict must be for plaintiff.

14. Your verdict should be for plaintiff, provided you find that plaintiff purchased the notes sued on, for value, before maturity, and without notice of any defect of the Lipps Bottle Washer Company to the title of said notes, and any defense defendant had against the same.

15. The burden was on defendant Buckheit to show to your reasonable satisfaction that, before plaintiff paid a valuable consideration for the notes sued on (if you find that it did pay a valuable consideration for them), it had knowledge or notice, through some officer or agent of it, of the defenses existing against said note, or notice of such facts or circumstances as were sufficient to put plaintiff bank on inquiry which, if followed up, would have discovered the existence of such defenses.

16. If you believe the evidence in this case, I charge you that the contract by which the Lipps Bottle Washer Company was to sell and deliver the bottling machinery, which, if you believe the evidence, was the consideration of the note sued on, was not, and did not constitute, a doing of business in Alabama, and was not prohibited by the laws of the state, but was a valid transaction.

18. If you find that plaintiff was an innocent purchaser for value of the notes sued on, and that it became such purchaser before the maturity of said notes, then I charge you that your verdict should be for the plaintiff, if you believe the evidence in this case.

19. If, under the contract made by the defendant, with the Lipps Bottle Washer Company, said company was to ship a machine to defendant from Chattanooga, Tenn., stipulating only that it would do good work, and you find that said machine was shipped already put together, as a machine, except that the metal pieces which were to hold the bottles in place were placed in the bottom of the machine; and you further find that said metal pieces to hold said bottle in place fitted into grooves in said machine, and could be slipped into their appropriate places, on the machine by hand; and you further find that a small door to said machine was also placed in the bottom of said machine and needed to be taken therefrom and fastened in its proper place on the outside of the machine; and you find that this was all of the parts of the machine which were disconnected from their proper places on said machine—then I charge you the agreement

[Citizens Nat. Bank v. Buckheit.]

of the Lipps Bottle Washer Company, if such an agreement was made, that it would assemble machine at defendant's plant in New Decatur, was complied with, and I further charge you that such agreement, if made, was not in violation of law, and defendant cannot defeat a recovery in this case by virtue of said agreement.

21. If you are reasonably satisfied, after considering all the evidence, that defendant made a written contract for the purchase of a machine, and that said contract (except as to the date and amount) is as shown by Exhibit A to the deposition of the witness Crabtree, your verdict should be for plaintiff.

24. I charge you that plaintiff was a bona fide purchaser of the notes sued on if you believe the evidence.

26. The burden is on defendant of showing to your reasonable satisfaction that plaintiff had knowledge or notice of defendant's defense to the notes sued on.

The following is charge 3 given for defendant:.

The bank cannot avoid or escape from any defense that Buckheit may have had, and that as substantially counted on in any one of the pleas in this case, unless it shows a purchase before maturity in due course without notice or knowledge of such defense or defenses; and if the bank shows nothing more than the discount of the notes and the deposit of the proceeds to the credit of the Lipps Bottle Washer Company, followed by the subsequent taking out of such proceeds, the bank has not made out its claim or its replication as a bona fide purchaser for value without notice.

(This cause was reviewed by the Supreme Court on certiorari to the Court of Appeals, and the writ denied. See *Ex parte Buckheit,* 197 Ala., 72 South. 1019.—Reporter.)

OSCEOLA KYLE, for appellant.    E. W. GODBEY, for appellee.

BROWN, J.—The Constitution of this state (section 232) declares: "No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the Secretary of State a certified copy of its articles of incorporation or association. * * * The Legislature shall, by general law, provide for the payment to the state of Alabama of a franchise tax by such corporations, but such franchise tax shall be based on the actual amount of capital employed in this state."

[Citizens Nat. Bank v. Buckheit.]

To carry into effect this section of the Constitution, the Legislature prescribes a method of authenticating qualification papers, and declares that "it is unlawful for any foreign corporation to engage in or transact any business in this state before filing the written instrument provided for in the two preceding sections" (Code 1907, §§ 3642, 3643; Code, § 3644); and penalized such corporation for a violation of the statute (Code 1907, § 3645); and likewise penalized the act of any person who acts as agent or transacts any business, directly or indirectly, for or on behalf of such corporation (Code 1907, § 3646). It likewise declared that, before any such corporation shall be allowed to transact any business in this state, it shall pay into the treasury of the state a franchise tax based upon the actual amount of capital employed in such intrastate business, and provides the method of ascertaining the amount of such tax (Code 1907, §§ 3647, 3648); and that "all contracts made in this state by any foreign corporation, which has not first complied with the provisions of the two preceding sections (sections 3647, 3648), shall, at the option of the other party to the contract, be wholly void" (Code 1907, § 3649). The statute fixes, as another prerequisite to the right of such corporation to engage in intrastate business, that it shall procure from the Secretary of State a permit or license, countersigned by the State Auditor, authorizing it to do business in this state upon payment of a nominal sum as a fee for the issuance of such permit, which is paid into the state treasury and becomes a part of the general revenues of the state, and declares: "No such corporation, its agents, officers, or servants, shall transact any business for or in the name of such corporation within the state of Alabama without having first procured said permit, and all contracts, engagements, or undertakings or agreements with, by, or to such corporation, made without obtaining such permit, shall be null and void."—Code 1907, § 3653.

The statute also subjects the offending corporation and its agents to a criminal prosecution for transacting business without a license.—Code 1907, §§ 6628, 6629; *Barr v. State*, 10 Ala. App. 111, 65 South. 197.

(1) It is manifest that these regulations have no extraterritorial operation, and contracts made outside of this state, although they are to be performed in the state, are not within their influence so as to render them absolutely void in the mak-

ing.—*Alexander v. Ala. Western R. Co.,* 179 Ala. 480, 60 South. 295.

(2) Where the contract is to be performed in this state, although not entered into here, and in the performance the nonresident corporation must engage in business in this state, although the contract is valid, the policy of the state, as evidenced by the Constitution and statutes, compels the courts of the state to refuse their aid to such offending corporation in the enforcement of such contract or recovering the benefits accruing thereunder.—*Alexander v. Ala. Western R. Co., supra; Ala. Western Ry. Co. v. Talley-Bates Co.,* 162 Ala. 369, 50 South. 341; *Geo. M. Muller Mfg. Co. v. First National Bank of Dothan,* 176 Ala. 229, 57 South. 762.

(3) It is manifest that it is not the purpose of these statutes to interfere with transactions of strictly interstate commerce (Code 1907, § 3650), and they must be so enforced as not to unreasonably burden such commerce, or the right of foreign corporations to invoke the power and authority of the courts to recover the fruits thereof. The expression found in some of our cases, to the effect that such corporations cannot sue in the courts of this state without qualifying under the Constitution and statutes, is too broad in its scope. Such a rule, if strictly enforced, would result in imposing unreasonable restraint on acts of interstate commerce.—*Sioux Remedy Co. v. F. M. Cope,* 235 U. S. 197, 35 Sup. Ct. 57, 59 L. Ed. 193.

(4) However, from well-recognized prinicples of law, it would seem that any contract entered into in this state by a foreign corporation which has not qualified to transact business in this state contravenes the public policy of the state, and confers on the offending corporation no right that the courts of the state will recognize or enforce at its instance. This seems to be the trend of the great weight of authority, and some of the leading cases are here collated.—*Chattanooga National Building & Loan Ass'n v. Denson,* 189 U. S. 408, 23 Sup. Ct. 630, 47 L. Ed. 870; *Bank v. Parker,* 146 Ala. 513, 40 South. 988; *General Electric Co. v. Town of Ft. Deposit,* 174 Ala. 185, 56 South. 802; *McGehee v. Lindsay,* 6 Ala. 16; *Moog v. Hannon,* 93 Ala. 504, 9 South. 596; *Jemison, et al. v. Birmingham & Atlantic R. Co.,* 125 Ala. 383, 28 South. 51; *Western Union Tel. Co. v. Young,* 138 Ala. 243, 36 South. 375; *Woods v. Armstrong,* 54 Ala. 150, 25 Am. Rep. 671. And in one case it was said: "The rule above

declared is not only founded in the soundest principles of morality and public policy, but its enforcement is necessary to maintain the supremacy of the laws and the dignity of the state."—*Woods v. Armstrong, supra.*

And in another: "It is sufficient if the law prohibits the doing of the act, and, when it does, the court, being organized under the law and required to administer it, cannot enforce any supposed rights predicated upon a prohibited act or the omission to perform an act that is prohibited."—*Western Union Tel Co. v. Young, supra.*

The following cases support this conclusion: *Hanover National Bank v. Johnson,* 90 Ala. 549, 8 South. 42; *Hawley v. Bibb,* 69 Ala. 56; *Bank v. Coughron* (Tenn. Ch. App.), 52 S. W. 1113; *Ehrhardt v. Robertson,* 78 Mo. App. 404; *Montjoy v. Bank,* 76 Miss. 402, 24 South. 870; *Perkins v. Savage,* 15 Wend. (N. Y.) 412; *Ward v. Sugg,* 113 N. C. 489, 18 S. E. 717, 24 L. R. A. 281; *Aurora v. West,* 22 Ind. 88, 85 Am. Dec. 417; *Sondheim v. Gilbert,* 117 Ind. 71, 18 N. E. 687, 5 L. R. A. 432, 10 Am. St. Rep. 28; *New v. Waller,* 108 Ind. 365, 9 N. E. 386, 58 Am. Rep. 40; *Thompson v. Bowie,* 4 Wall. 463, 18 L. Ed. 423; *Vallett v. Parker,* 6 Wend. (N. Y.) 615; *Snoddy v. Bank,* 88 Tenn. 573, 13 S. W. 127, 7 L. R. A. 705, 17 Am. St. Rep. 918; *Jones v. Dannenberg Co.,* 112 Ga. 426, 37 S. E. 729, 52 L. R. A. 271.

(5) If a contract entered into in violation of a statute is expressly declared void by the statute, the contract is void, even in the hands of an innocent purchaser in due course.—*Hanover National Bank v. Johnson, supra; Bank v. Parker, supra; Bluthenthal & Bickart v. City of Columbia,* 175 Ala. 398, 57 South. 814; *Kuhl v. Press Co.,* 123 Ala. 452, 26 South. 535, 82 Am. St. Rep. 135.

On the other hand, if the contract is not declared void by the statute, and is subject to the law merchant, although it may not confer any right on the offending party, it will be protected in the hands of an innocent purchaser for value in due course and without notice.—*Bozeman v. Allen,* 48 Ala. 512; Greenhard on Public Policy, pp. 8-13; *Scott v. Taul,* 115 Ala. 529, 22 South. 447; *Bank v. Nelson,* 106 Ala. 535, 18 South. 154; *Bluthenthal & Bickart v. City of Columbia, supra.*

(6) Another recognized exception is, if the contract is not denounced as void by statute, although it may have been entered into in this state by a nonresident corporation, in violation of the

constitutional provision and the statutes, the offending corporation will not be allowed by the courts of the state to set up its unlawful conduct to avoid liability at the suit of the other party to the contract, who was not involved in the guilt of the transaction.—*Brooklyn Life Ins. Co. v. Bledsoe,* 52 Ala. 538.

(7) The statutes enacted by the Legislature to carry into effect the provisions of the Constitution may be classified as follows: The objective of sections 3642-3646 is to compel foreign corporations to submit themselves to the jurisdiction of the courts of this state, as a prerequisite to the right to invoke the equal protection of the laws of the state in the enforcement of obligations arising out of intrastate business through the courts of the state. While such corporations and their agents are penalized for transacting business in violation of the statutes, contracts entered into by the offending corporation are not expressly declared void. Although such contracts are not enforceable in the hands of the offending corporation, if negotiable, and in the hands of an innocent purchaser without notice, they will be enforced.—*Bozeman v. Allen, supra.* The reason underlying this application is that the penalty is directed against the offending corporation and its agents, and the statute should not be enforced so as to inflict punishment on those who are not involved in the guilt of the transaction.—*Brooklyn Life Ins. Co. v. Bledsoe, supra; Denver Fire Ins. Co. v. McClelland,* 9 Colo. 11, 9 Pac. 771, 59 Am. Rep. 134.

The objective of sections 3647-3649 is to raise revenue by compelling corporations to pay a tax, fixing as a basis for the levy the actual amount of capital employed in this state, and contracts entered into in violation of these statutes are not void except at the option of the other party (Code 1907, § 3649; *Sunflower Lumber Co. v. Turner Supply Co.,* 158 Ala. 191, 48 South. 510, 132 Am. St. Rep. 20), and, not being absolutely void, if negotiable, and in the hands of innocent purchasers without notice, will be protected.

The objective of sections 3651-3653 is also to raise revenue in the form of a privilege or license tax, but the statute declares that: "All contracts, engagements, or undertakings or agreements with, by or to such corporations, made without obtaining such permit, shall be null and void."—Code 1907, § 3653.

And, if this question was one of first impression, we would, for reasons above stated, and on authorities above cited, be con-

strained to hold that any contract entered into in violation of these statutes is without any element of property right, and void, even in the hands of an innocent purchaser; but, as we read them, the following cases hold that such contracts are not void, and the fact that the statute was violated in their making is no defense. We accept these cases as our guide, as we are bound to do, under the provisions of the act, creating this court.—*Drew, et al. v. Fort Payne Co.*, 186 Ala. 285, 65 South. 71; *Alexander v. Ala. Western R. Co.*, 179 Ala. 480, 60 South. 295; *Sunflower Lumber Co. v. Turner Supply Co.*, 158 Ala. 191, 48 South. 510, 132 Am. St. Rep. 20.

(8, 9) When the principles announced above are applied to the pleadings in this record, the plaintiff's replication No. 2 to defendant's pleas was a complete answer to pleas 2, 3, and 5, as well as to 6 and 7; and the court erred in sustaining the defendant's demurrers thereto; and, under the holdings of the Supreme Court cited above, the replication was likewise an answer to plea 4. It is manifest from the verbiage of paragraph 1 of plea 2, which is adopted as a part of pleas 3, 4, and 5, and, as for that matter, all the other pleas, that the pleader studiously avoided averring that the sale of the property representing the consideration of the note sued on was made in Alabama; and, when this paragraph is construed most strongly against the pleader, it merely avers that the notes were signed and delivered to Downs, the president of the corporation, in Alabama, and, when they were so signed and delivered, the property was then located in this state, and the transaction—the signing and delivery of the notes—occurred in this state, where, under a contract between defendant and Downs, the machine was assembled and installed by Downs. These averments fall far short of showing that the Lipps Bottle Washer Company had transacted business in Alabama in violation of the Constitution. All that is averred in the plea may be admitted and the sale of the property can be classed as interstate commerce. If, in fact, the machine was ordered through the agent of the corporation, and the order was taken in advance and sent in to the home office of the corporation in Chattanooga, Tenn., and there accepted by the corporation, and the machine was built in Chattanooga and shipped to Alabama and delivered to the defendant in pursuance of a contract thus made, it was an interstate transaction; and the mere execution of the notes and their delivery to Downs in Alabama did not

embody the exercise of a corporate function by the payee of the notes, and would not change the conclusion.—*Beard v. Union & American Publishing Co.*, 71 Ala. 60.	Neither would the fact that Downs, on his own account, agreed to assemble and install the machine.	This point was taken by the demurrer, and it should have been sustained.—*Scharfenburg v. Town of New Decatur*, 155 Ala. 651, 47 South. 95; *Kershaw v. McKown*, 12 Ala. App. 485, 68 South. 559; *Sioux Remedy Co. v. F. M. Cope, supra.*

(10, 11)  The record is not clear as to what ruling the court made on the demurrer to plea 8 as last amended, but, as the case must be reversed, and from the entire record it appears that this plea was treated as presenting an issue in the case, we deem it proper to say that the conclusion stated in this plea, "that the note sued on is not a commercial negotiable paper," is not sustained by the averments following, embodying a complete copy of the note.  The note, as thus set out, is payable "to order," and, under the uniform negotiable instrument law, possesses all the characteristics of a negotiable paper; and the fact that it retained the title to property described therein as a security for the debt does not destroy its negotiability.—Acts 1909, Sp. Sess. p. 126; *Louisville Co. v. Gray*, 123 Ala. 251, 26 South. 205, 82 Am. St. Rep. 120; *Same v. Howard*, 123 Ala. 380, 26 South. 207, 82 Am. St. Rep. 126; *Bank v. Slaughter*, 98 Ala. 602, 14 South. 545, 39 Am. St. Rep. 88; *Montgomery c. Crossthwait*, 90 Ala. 553, 8 South. 498, 12 L. R. A. 140, 24 Am. St. Rep. 832; *McGehee v. Importers' & Traders' National Bank*, 93 Ala. 192, 9 South. 743; Crawford's American Negotiable Instruments, p. 15, § 24.  The demurrers to plea 8 as last amended should have been sustained.

(12, 13)  The pleas, as framed, carry the burden to the defendant of showing that under the contract "between the parties" the machine was to be "assembled and installed" by payee's president, Downs.  The word "assemble" is applied to both persons and things; and, when applied to a machine in the sense used in these pleas, carries the meaning that the parts of the machine were collected or gathered together and placed in their proper relation to each other so as to constitute the machine.  See Standard Dictionary, vol. 1, p. 125; Universal Dictionary, vol. 1, p. 336; *American Amusement Co. v. East Lake Chutes Co.*, 174 Ala. 526, 56 South. 961.  The undisputed evidence shows that the defendant gave his order for the machine to Downs, the president of the payee corporation, who acted as an agent to solicit

orders, about two and one-half months before the machine was received by defendant; whether the order was in writing or verbal was a disputed question; but the evidence shows without dispute that the order was taken from defendant in New Decatur, Ala., and sent in by Downs to the office of the payeé in Chattanooga, Tenn., receipt thereof by the payee of the note being acknowledged by letter written April 19, 1913. In this letter, payee stated that the machine was to be shipped by May 15th. The machine was constructed in Chattanooga, and there loaded on a car by the payee and shipped to New Decatur to the defendant, where it was taken from the car by defendant and set down by him in his place of business at its proper place. In packing the machine for shipment, some slats that belonged to the machine and a door to the drum were packed in the drum, and all that Downs did before the notes were executed was to place these slats in the groove provided for them and place the door on its hinges. After this, the power, which was furnished by the defendant, was applied, and the machine was started and operated by Downs for the purpose of showing the defendant's employees how to operate it; and, after 12 boxes of bottles had been washed, the notes were signed and delivered to Downs, and he left. The defendant testified that Downs guaranteed the machine to work, and about three weeks after the notes were given, the machine having proven unsatisfactory, Downs came back, and had considerable work done on the machine, but failed to make it work satisfactorily. The evidence further tends to show that the machine was defective and worthless.

We are of opinion that this evidence fails to meet the burden assumed by the pleas to show that the machine was assembled in this state by contract of the parties; and we are further of the opinion that the facts occurring prior to the time the notes were given stamp the transaction as interstate business, and in no way offensive to the statutes.—*Beard v. Union & American Publishing Co.,* 71 Ala. Ala. 60; *Sioux Remedy Co. v. F. M. Cope, supra; Crenshaw v. State of Arkansas,* 227 U. S. 389, 33 Sup. Ct. 294, 57 L. Ed. 565; *Dozier v. State of Alabama,* 218 U. S. 124, 30 Sup. Ct. 649, 54 L. Ed. 965, 28 L. R. A. (N. S.) 264; *Wright v. State,* 8 Ala. App. 437, 63 South. 14; *Padgett v. Gulfport Fert. Co.,* 11 Ala. App. 366, 66 South. 866.

(14) The facts occurring subsequent to the time the notes were given, conceding that they constituted a doing of business

[Citizens Nat. Bank v. Buckheit.]

in Alabama in violation of the statutes, would not render the original contract void in the making so as to destroy the right of a holder in due course, for value, without notice.—*Bozeman v. Allen, supra; Alexander v. Ala. Western R. Co., supra.*

The conclusions above announced are not in conflict with the holding of the Supreme Court in *American Amusement Co. v. East Lake Chutes Co.,* 174 Ala. 526, 56 South. 961, and followed in *Geo. M. Moller Mfg. Co. v. First National Bank of Dothan,* 176 Ala. 231, 57 South. 762. The defense held good in the first of these cases was that the plaintiff, a foreign corporation, under contract transported the material from another state and built it into a structure on the defendant's premises, without qualifying to do business in Alabama. In the other case, the contract, as stated in the opinion of the court, "covers the furnishing of material and the erection of same in a specified manner, as well as many other acts, such as the construction of a brick wall, wainscoting, tinting, and the doing of divers other things, in addition to the supplying of the material."

We are led to the conclusion that to hold, on the facts disclosed by the record in this case, that the payee corporation was doing business in Alabama in violation of the Constitution and statutes, would be applying them so as to constitute an unreasonable burden in restraint of interstate commerce.—*Sioux Remedy Co. v. F. M. Cope, supra.* This conclusion is sustained by the utterance, found in both of the cases above referred to, that the application in those cases is "abhorrent to the judicial conscience," and going to show that the court had gone to the utmost limit in applying these statutes.

The affirmative charge requested by the plaintiff, as applied to the issues presented by pleas 2, 3, 4, and 5, should have been given. The other issues in the case were properly submitted to the jury, and the affirmative charge on the whole case, as well as charges 1, 2, 3, 5, 10, and 15, were properly refused. On the issues as formed, charges 8, 9, 12, 14, 18, 21, and 24 were properly refused.

(15) There was some evidence tending to show that the payee's agent, in taking the order for the machine, used a written form signed by the purchaser, embodying the terms of the sale, and that there was an acceptance of the order in this form. The original order was not offered, but proof of loss was made and secondary evidence of its contents offered. The secondary evi-

dence tended to show that the contract thus entered into, if such was the fact, contained no stipulation that the payee was to do anything more than deliver the machine in Alabama, and contained a warranty that the machine was made of first-class material and capable of doing first-class work. While the defendant did not positively deny the signing of such order, his evidence tended to show that he did not sign it. On this state of the evidence, it was for the jury to determine, not only the question as to whether such order was given, but what it contained, and for this reason charge 10, as worded, was invasive of the province of the jury.

(16) Before a purchaser of a negotiable note under the facts hypothesized in charge 11 can be protected as a "purchaser for value," in due course, it must be shown that the funds entered to the credit of the depositor were absorbed on antecedent indebtedness, or exhausted by withdrawal.—*Tatum v. Commercial Bank & Trust Co.*, 185 Ala. 249, 64 South. 561; *Alabama Grocery Co. v. First National Bank of Ensley*, 158 Ala. 143, 48 South. 340, 132 Am. St. Rep. 18; *German-American Bank v. Lewis*, 9 Ala. App. 353, 63 South. 741. And it is not enough that a material portion of the funds be checked out. Charge 11 was therefore properly refused.

(17, 18) The evidence on the part of the plaintiff, as well as that offered for defendant, shows that one stipulation of the contract was that the machine would do satisfactory work, and therefore charge 13 was abstract. Charge 16, under the evidence, asserts a correct proposition of law applicable to the case, and should have been given. Charge 19 was made faulty by using the expression "assemble the machine at defendant's plant in New Decatur, Ala." Charge 26 assumes that plaintiff was a purchaser for value in good faith, and was properly refused.

(19) While some of the charges given at the instance of the defendant could have been properly refused as leaving to the jury the duty of fishing out the issues, and others for being argumentative, we find no reversible error in giving them. While it was not necessary for the plaintiff, in his complaint, to aver that he purchased for value, without notice, having done so, he assumed the burden of proving the issue as laid.—*Weinstein Bros., et al. v. Citizens' Bank*, 13 Ala. App. 552, 69 South. 972; *German-American National Bank v. Lewis*, 9 Ala. App. 352, 63 South. 741. Under the issues as formed, charge 3 does not misplace the burden of proof as to notice of the defenses.

[Springfield Fire & Marine Ins. Co. v. Ferrell.]

For the errors pointed out, the judgment of the circuit court must be reversed.

Reversed and remanded.