# Brewer *v.* Woodham, *et al.*

### Assumpsit.

(Decided February 6, 1917. Rehearing denied April 3, 1917. 74 South. 763.)

1. **Lotteries; Punch Board.**—One who sells a punch board consisting of a board with holes in which blank slips and slips calling for prizes are inserted, the price for punching a hole being ten cents, and the purchaser receiving either nothing or a fixed prize, is concerned in setting up a lottery within § 6997, Code 1907.

2. **Same; Contract.**—The contract for the sale of such a device although made in another state, but prepared by plaintiff and sold to be operated in this state under written directions furnished by plaintiff, is violative of public policy and unenforceable.

3. **Same.**—In such a contract for the sale of such a device where the sale was completed in Chicago, it is not necessary that the seller should have been personally present and actually assisting in operating the board in Alabama, to render the contract unenforceable as against public policy.

[Brewer v. Woodham, et al.]

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by Charles A. Brewer, doing business as the Devon Manufacturing Company, against W. H. Woodham and R. S. Elmore. Judgment for defendant and plaintiff appeals. Affirmed.

R. H. McCLINTOCK, and E. S. THIGPEN, for appellant. No counsel marked for appellee.

BROWN, J.—This is an action on account for goods, wares, and merchandise sold by the plaintiff to the defendants at their request. The undisputed evidence shows that the alleged indebtedness was the purchase price of a "punch board," a gambling device consisting of a board containing a number of holes, in which were placed slips of paper, some of which contained the names of designated articles of merchandise or jewelry, and others blank; that chances were sold at 10 cents each; and the party taking the chance would push through one of these holes, and if the slip therein contained the name of an article, it was delivered to him; if the slip was blank, he got nothing. This board was loaded by the plaintiff at his place of business in Chicago, and sold on the defendants' order taken through a traveling salesman, the order being sent to the plaintiff in Chicago, there approved, and the board and the assortment of merchandise accompanying it were shipped to the defendants.

The written order presented to the defendants, and which was signed by a member of the firm, was in these words: "Devon Manufacturing Company, Chicago, Ill. Please ship to my address by prepaid express one assortment No. 8 at $40.00, terms 60 days, less $5.00 if remittance is made in 10 days from date on invoice. If remittance of $40.00 is made thirty days from the date of invoice, you agree to ship to my address, making no charge for same, my choice of premiums shown on your illustrated list; or if at the end of thirty days I remit 80 per cent. of the gross receipts, which is 8 cents for each sale, you agree to take back any unsold goods at price charged me, provided they have been offered for sale *as per printed directions for sixty days* from date of invoice, at which time final settlement is to be made. The assortment consists of 8 watches, 92 pieces of jewelry and cutlery, and 400 packages of chocolates. You agree to place in

[Brewer v. Woodham, et al.]

center of tray an extra watch for which no charge is made. This watch to be used as per *printed directions* or returned by me with unsold goods.  No salesman has authority to collect money or goods or make settlement of this account.  It is understood that I have no agreement with you except as herein stated. [Customer sign here.] ————."

(1) The undisputed evidence shows that this order was prepared by the plaintiff, and was its usual blank, and carries on its face evidence that the entire matter was a gambling scheme. The board, which appears to have been accompanied by written directions as to its use sent out by the plaintiff, was not merely adapted for a gambling device, but could be used for no other purpose; and (while the plaintiff may not be criminally liable, a question not here presented) in preparing the board and sending it out with the assortment of prizes to be set up and operated in the defendants' store in this state, *"according to written directions"* accompanying the board and assortment, plaintiff was within the meaning of section 6997 of Code 1907, "concerned in setting up and carrying on a lottery or device of like kind."— *Loiseau v. State,* 114 Ala. 34, 22 South. 138, 62 Am. St. Rep. 84; *Yellowstone Kit v. State,* 88 Ala. 196, 7 South. 338, 7 L. R. A. 599, 16 Am. St. Rep. 38; *Chavannah v. State,* 49 Ala. 396; *Kuhl v. M. Gally Universal Press Co.,* 123 Ala. 452, 26 South. 535, 82 Am. St. Rep. 135.

(2) The sale of this device, though made in another state, being prepared by the plaintiff and sold to be operated in this state under written directions furnished by the plaintiff, is violative of the state's public policy.  The courts of this state will not enforce the contract at the instance of the parties thereto, though the contract was not void in the making.—*Ala. West. Ry. Co.,* 179 Ala. 482, 60 South. 295; *Citizens' Nat. Bank v. Bucheit,* 14 Ala. App. 511, 71 South. 82; *W. U. T. Co. v. Young,* 138 Ala. 240, 36 South. 374; *Jones v. Martin, infra,* 74 South. 761.

It appearing from the undisputed evidence that the plaintiff was concerned in setting up the device, and that the alleged sale was in violation of the public policy of the state, he suffered no injury as a result of any ruling of the court, and the judgment is affirmed.

Affirmed.

[Brewer v. The State.]

ON REHEARING.

BROWN, P. J.—The tenth plea avers that the suit is to recover the purchase price of a gambling device sold by the plaintiff to the defendants, and shows that the plaintiff was concerned with defendants in setting up and operating the device, and by arrangement between them, the plaintiff was to participate in the proceeds of the gambling operation, and was not subject to any of the stated grounds of demurrer.—*Kuhl v. Gally Universal Press Co.*, 123 Ala. 456, 26 South. 535, 82 Am. St. Rep. 135; *Bickel v. Sheets*, 24 Ind. 1; *Rose v. Mitchell*, 6 Colo. 102, 45 Am. Rep. 520; *Hill v. Spear*, 50 N. H. 253, 9 Am. Rep. 205; *Skiff v. Johnson*, 57 N. H. 475; 12 R. C. L. 750, § 55; 6 R. C. L. 776, § 181.

The evidence offered by the plaintiff to sustain his cause of action clearly shows that it was contemplated that the punch board was to be operated according to the directions prepared by the plaintiff, and that he was, under certain conditions, to receive 80 per cent. of the proceeds arising from the operation of the board; and the evidence clearly shows that the contract between the parties was made in furtherance of a gambling transaction, in which the plaintiff was a participant.—6 R. C. L. 776, § 181, supra. There was evidence tending to support the tenth plea, and the affirmative charge was properly refused.

(3) Charge 2 refused to the plaintiff was calculated to impress the jury that it was necessary for the plaintiff to be present and physically ("actually") participate in the operation of the board, and was refused without error. The application is overruled.

Application overruled.